## Town of Norman v. M. J. Ince.

### (Filed Aug. 25, 1899.)

1. MUNICIPAL CORPORATIONS — *Damages — Liability.* A municipal corporation is not impliedly liable for the incidental injuries to property, resuting from the exercise of its legislative powers, by reason of the erection and maintenance of public improvements,. where the premises are in no manner invaded; yet such a corporation is responsible for the direct injuries to private property,. caused by a corporate act in the nature of a trespass or nuisance.

2. SAME—*Injuries to Private Property.* A municipal corporation, in the exercise of its corporate powers to construct and maintain public works, has no power to collect water by artificial means,. and discharge it, or permit it to discharge or overflow, upon the premises or an adjacent freeholder, so as to interfere with his posession. Hence, for a municipal corporation to collect water by artificial means, such as a water standpipe, and conduct it in such a careless and negligent manner as to allow it to overflow and flood the premises of an adjacent property owner, is such an invasion of private property as to constitute an appropriation of it to public use, and the principle exempting municipal corporations from liability arising from damages occasioned by the exercise of their discretionary powers in the construction and maintenance of public works does not apply, and the corporation is liable for damages resulting therefrom.

3. DAMAGES—*Measures of.* In an action to recover for an injury to property, arising from the carelessness and negligence of the corporate authorities in permitting a water standpipe to continuously overflow upon the premises of an adjacent property owner, the measure of damages is the loss actually sustained, and in case of a permanent injury to the property the true measure of damages is the difference between the value of the property immediately prior to the location and construction of such improvement and its diminished value immediately thereafter.

(Syllabus by the Court.)

*Error from the Probate Court of Cleveland County; before J. B. Wilkins, Probate Judge.*

*B. F. Wolf* and *E. E. Hennessy,* for plaintiff in error.

*Williams & Newell*, for defendant in error.

Action by M. J. Ince against the town of Norman. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Opinion of the court by

HAINER, J.: This was an action brought in the probate court of Cleveland county by M. J. Ince, defendant in error, against the town of Norman, plaintiff in error, to recover damages arising by reason of the construction and operation of a water standpipe adjacent to plaintiff's premises. The plaintiff's petition alleged that she is the owner of lots 3 and 4, in block 54, in the town of Norman; that on the 5th day of July, 1894, the defendant corporation erected a water standpipe of the heighth of 100 feet and of the diameter of 12 feet in close proximity to plaintiff's premises; that said standpipe was so carelessly and negligently constructed by the defendant that from the day of its erection to the time of the bringing of this action it has overflowed and discharged water on the plaintiff's premises; that by reason of said overflow and discharge of said water the plaintiff's premises have become worthless, and, as a consequence thereof, the plaintiff has sustained damages in the sum of $150. The demurrer to the petition having been overruled, the defendant answered by pleading a general denial. The case was tried by a jury, and a verdict was returned in favor of the plaintiff, assessing the amount of her damages at $50. The defendant moved for judgment on the special findings of fact, for the reason that they were inconsistent with the general verdict, which was overruled by the

court, and judgment was thereupon entered in favor of the plaintiff for $50, in accordance with the verdict of the jury. From this judgment the defendant brings the case here on appeal.

The questions raised by the plaintiff in error may be considered under two general assignments of error: (1) That the petition does not state facts sufficient to constitute a cause of action; and (2) that the court committed error in overruling defendant's motion for judgment on the special findings of fact. The plaintiff in error contends that, before the defendant in error can recover damages, it is incumbent on her to show that the standpipe was so carelessly and negligently constructed that it constituted a nuisance, or that it was so carelessly and negligently constructed that it is unsafe, and renders the occupancy of the premises dangerous. In support of this proposition, counsel for plaintiff in error says: "A municipal corporation, acting under the authority of its charter or general statute, cannot be subjected to a liability for damages arising from the exercise by it of the authority conferred, so long as the authority is properly exercised, and not exceeded, unless the statute or fundamental law expressly gives a right to such damages." (15 Am. & Eng. Enc. Law, p. 1153, and cases cited.)

We do not think the rule laid down in support of the contention of the plaintiff in error is applicable to the case under consideration. It is true that it is a well-established rule that a municipal corporation is not impliedly liable for the incidental injuries to property, resulting from the exercise of its legislative powers, by reason of the erection and maintenance of public im-

provements, where the premises are in no manner invaded; yet such a corporation is responsible for the direct injuries to private property caused by a corporate act in the nature of a trespass or nuisance, and therefore a municipal corporation has been held liable for an injury to the premises of the plaintiff by flooding it with water, not only where such injury is caused by neglect to keep a sewer in repair, but as well where it is the negligent or necessary result of the constructing of a sewer. (2 Dill. Mun. Corp., sec. 1045, and numerous authorities cited in notes.)

In *Nevins v. City of Peoria*, 41 Ill. 502, it is held that a city has no right to take private property without compensation, and no right to use its own property to the injury of another's property, in a manner that would render a private individual responsible in damages, without being responsible itself. And if the public interest requires that the premises of an individual shall be rendered unfit for occupancy, it may be done, but the public should pay for it to the extent that it deprives the owner of its legitimate use. Hence, where a city, in raising the grade of a street, turns a stream of mud and sand upon the premises occupied as a water cure, and an offensive and unwholesome pond is created in the immediate neighborhood, whereby the premises are rendered unhealthy, and unfit for the business for which they had previously been used, an action lies against the city for the injury.

In the case of *City of Aurora v. Reed*, 57 Ill. 29, it was held that where a city, through its proper officer, fixes the grade of a street, or the property owners improve the street under the direction of the officer, and the improve-

ment of the street is so made that the water from the rains and melting snow runs to and discharges itself over a lot owned by an individual, the city is liable for damages. The city has no right to turn surface water on private property, nor does it change the principle that the street was improved before the lot was. And it was further held in this case that it is no defense to show that plaintiff might have dug ditches that would have protected his property. He was under no legal obligation to do so, and the city was. It was the duty of the city to provide proper sewerage to carry off such water. It is armed with ample power to provide proper means therefor. If necessary, it could condemn ground for the construction of sewers, or use the streets therefor as far as practicable.

In *Elliott v. Oil City*, 129 Pa. St. 570, 18 Atl. 553, it was held that a municipal corporation was liable for damages resulting from the flow of water across the plaintiff's premises through a drain placed across an adjoining street, whereby the flow of water over such premises was largely increased, thus causing the damages.

In *Field v. Inhabitants of West Orange Tp.* 36 N. J. Eq. 118, 37 N. J. Eq. 600, where a town, in making street improvements, caused the surface water to be collected, and turned into gutters or drains, and led to a point where the earth was low or marshy, and then discharged it on private property, so that a ditch constructed by the owner of the land adjoining such marsh was rendered inadequate to drain his land, and he was damaged by the accumulation of water thereon, it was held liable for damages as a consequence thereof.

In *Soule v. City of Passaic*, 47 N. J. Eq. 28, 20 Atl. 346, it was held that where a municipal corporation deliberately enters upon a scheme of drainage, in pursuance of which it will collect water from a large area, and by artificial means cast it upon private property, through which such lands would not otherwise be drained, it threatens a wrong, which will be restrained by an injunction in a court of equity.

In *Ashley v. City of Port Huron*, 35 Mich. 301, Cooley C. J., after a review of the authorities on this subject, said: "It is very manifest from this reference to authorities that they recognize in municipal corporations no exemption from responsibility where the injury an individual has received is a direct injury, accomplished by a corporate act which is in the nature of a trespass upon him. The right of an individual to the occupation and enjoyment of his premises is exclusive, and the public authorities have no more right to trespass upon it than has a private individual. If the corporation send people with picks and spades to cut a street through it, without first acquiring the right of way, it is liable for a tort; but it is no more liable under the circumstances than it is when it pours upon his land a flood of water by a public sewer so constructed that the flooding must be a necessary result. The one is no more unjustifiable, and no more an actionable wrong, than the other. Each is a trespass, and in each instance the city exceeds its lawful jurisdiction. A municipal charter never gives, and never could give, authority to appropriate the freehold of a citizen without compensation, whether it be done through an actual taking of it for streets or buildings, or by flooding it so as to interfere with the own-

er's possession.    His property right is appropriated in the one case as much as in the other."

Applying these well-settled principles to the case under consideration, it must follow that a municipal corporation, in the exercise of its corporate powers to construct and maintain public works, has no right to collect water by artificial means, and discharge it, or permit it to discharge or overflow upon the premises of an adjacent freeholder, so as to interfere with his possession. And in this respect a municipal corporation stands upon the same footing as a private individual, and incurs the same liability. Manifestly, for a municipal corporation to collect water by artificial means, such as a water standpipe, and conduct it in such a careless and negligent manner as to allow it to overflow and flood the premises of an adjacent lot owner, is such an invasion of private property as to constitute an appropriation of it to the public use, and the principle exempting municipal corporations from liability arising from damages occasioned by the exercise of their discretionary powers in the construction and maintenance of public works does not apply, and the corporation is liable for damages resulting therefrom. The same rule of law which protects the right of the property of one citizen against the invasion of another citizen must protect it from similar aggressions on the part of municipal corporations. The petition of the plaintiff states a good cause of action, and the demurrer was therefore properly overruled.

It is contended, under the second assignment of error, that the court erred in overruling the defendant's motion for judgment upon the special findings of fact. The findings of fact

which are material to this cause are, in substance,. as follows: That the plaintiff was the owner of premises. described in the petition; that by reason of the erection of the standpipe the lots were rendered worthless; that there was no defect in the construction of the standpipe,. so as to render it dangerous, or liable to fall on plaintiff's. premises, but that it was conducted carelessly; that since its construction water has escaped and overflowed from said standpipe on 'and across the plaintiff's premises in. sufficient quantity to disturb plaintiff's possession; and that by reason of the construction of the standpipe and the overflowing of water upon the premises of the plaintiff she has sustained damages in the sum of $50. We are clearly of the opinion that the findings of fact are not inconsistent with the general verdict, and fully sustain the views herein expressed. Neither do we think. there is any merit in the contention that plaintiff did not occupy the premises alleged to have been injured, and that the rental value of the property is the true measure of damages which may be sustained by the owner of the property. In an action to recover for an injury to property arising from the carelessness and negligence of the corporate authorities in permitting a water standpipe to continuously overflow upon the premises of an adjacent property owner, the measure of damages is the loss actually sustained, and, in case of a permanent injury to the property, the damages will ordinarily be the difference between the value of the property immediately prior to the location and construction of such improvement and its diminished value immediately thereafter.

In *Van Pelt v. City of Davenport*, 42 Iowa, 308, it was held that in an action against a municipal corporation

for damages to property, caused by the overflow of water, due to a defective culvert, the measure of damages is the actual injury sustained by the property at the time of its occurrence.

In *City of Plattsmouth v. Boeck*, 49 N. W. 167, the supreme court of Nebraska held that when private property is damaged by the location and construction of a public improvement near it, and the property is not specially benefited by the improvement, the measure of the property owner's damages is the difference between the value of the property immediately before the location and construction of the improvement and its value immediately afterwards.

There being no error in the record prejudicial to the substantial rights of the plaintiff in error, (defendant in the court below,) the judgment of the probate court is therefore affirmed.

All of the Justices concurring.