**GARNETT et al. v. STORM et al.**

No. 7192—Opinion Filed Feb. 20, 1917.

Rehearing Denied July 10, 1917.

(166 Pac. 401.)

(Syllabus by the Court.)

1. **Mortgages — Verification of Answer — Effect.**

Pleadings examined, and held, that the allegations of the verified answer did not join an issue of fact as to the execution of the note and mortgage involved herein, and therefore it was not error to admit these instruments in evidence without first proving their execution.

2. **Same—Ruling on Demurrer to Evidence.**

Record examined, and held, that the evidence adduced at the trial reasonably supports the allegations of plaintiff's petition, and therefore the trial court did not err in not sustaining the separate demurrers to the evidence of Chas H. Garnett and Robert K. Garnett.

3. **Equity—Jury Trial—Order of Proof— Additional Proof.**

Where the court uses a jury merely in an advisory capacity in the trial of a suit in equity, the order in which proof is introduced is largely discretionary with the trial court.

and in furtherance of justice the trial court may reopen the case at any time during the progress of the trial to enable additional proof to be introduced upon any matter properly before it.

**4. Mortgages — Foreclosure — Discretion of Trial Court—Rebuttal Testimony.**

Record examined, and held, that the trial court did not abuse its discretion in permitting the plaintiff to testify upon rebuttal as to the value of the six-acre tract of land, although such evidence more properly constituted a part of her case in chief.

**5. Evidence—Market Value of Realty—Competency of Witness—Question for Jury.**

A witness is not incompetent to testify as to the value of real estate merely because he is unable to state that he knows the market value thereof, especially where it is shown that he had lived upon the identical six-acre tract, the value of which was in question, for several years, was the owner in fee simple of another tract, adjoining, which with the six-acre tract comprised the entire twenty-acre tract in controversy, and had a good general knowledge of value. The competency of such a witness is a question for the court, while the weight to be given his testimony is for the jury to determine.

**6. Vendor and Purchaser—Breach—Damages—Statute.**

The measure of damages applicable to the facts presented by the record before us is not governed by section 2858, Rev. Laws Okla. 1910.

**7. Same—Action for Breach—Damages.**

The contract, note, and mortgage involved herein should be construed together. Held, that, when so construed in connection with the evidence and all the facts and circumstances disclosed by the record, they show that it was the intention of the parties that the measure of plaintiff's damages for a breach of that part of the contract which obligates Chas. H. Garnett to bring about the conveyance to the plaintiff of the six-acre tract of land should be the value of said six-acre tract, as found by the trial court.

**8. Equity—Jury—Advisory Capacity.**

In the trial of a suit in equity the court may call in a jury for the purpose of advising the court upon specific questions of fact, and the court in its discretion may adopt or reject any or all such findings made by the jury. In such case a general verdict by the jury is not necessary, unless the trial court requires it.

**9. Examination of Record—Errors.**

Record examined, and held, that no error has been committed by the trial court in the matter of instructing the jury, or the admission or rejection of evidence, or as to any matter of pleading or procedure which has probably resulted in a miscarriage of justice, or constitutes a substantial violation of any of the constitutional or statutory rights of the plaintiffs in error.

Error from District Court, Oklahoma County; Frank Mathews, Assigned Judge.

Action by Mattie R. Storm against Chas. H. Garnett and Robert K. Garnett and others. Judgment for plaintiff against defendant Charles H. Garnett, with decree foreclosing a mortgage, and the named defendants bring error. Affirmed.

Chas. H. Garnett, for plaintiffs in error.

G. A. Paul and Geo. E. Swisher, for defendants in error.

KANE, J. This was an action upon a certain contract in writing and a promissory note and mortgage given to secure its performance, commenced by Mattie R. Storm, defendant in error, plaintiff below, against the plaintiffs in error, Chas. H. Garnett and Robert K. Garnett, and the defendants in error Guaranty Bank, a corporation, and Robert E. Garnett, as defendants. In the trial court Robert E. Garnett filed a disclaimer, and judgment was rendered in his favor upon the pleadings, from which no appeal was taken. Upon trial judgment in favor of the Guaranty Bank upon its cross-petition was rendered, from which no appeal was taken. These parties therefore may be eliminated from the case, as their rights and interests in the matter in controversy have become finally settled.

The cause presented by the pleadings and the evidence adduced at the trial having many equitable features, the parties and the trial court have treated it as one of purely equitable cognizance, and so we will treat it in considering the assignments of error presented for review.

It seems that Mattie R. Storm and Chas. H. Garnett bore the relation toward each other of client and attorney, respectively. In a divorce case which Garnett was conducting for his client (Fiedler v. Fiedler, 42 Okla. 124, 140 Pac. 1022, 52 L. R. A. [N. S.] 189), the title to a portion of a certain 20-acre tract of land became involved as between husband and wife. The contract involved in this case between Mrs. Storm and Chas. H. Garnett relates to this land. Mrs. Storm was the undisputed owner of part of the land, and claimed to be the owner of another part thereof, which claim was disputed by her former husband, Fiedler, and she also, by assignment, was the owner and holder of a mortgage covering the entire 20-acre tract. For and in consideration of a quitclaim deed to the whole tract to Robert K. Garnett, the assignment of the mortgage held by her to

one Hobble, and other considerations mentioned in the contract, Chas. H. Garnett agreed, in substance, that he would cause the said mortgage above described to be foreclosed and the property covered thereby to be sold at sheriff's sale as soon as the same could be done, and as soon as the sale of the said property was made he would, by title to be acquired at said sale, convey or cause to be conveyed to second party (Mrs Storm) by a good and sufficient deed of conveyance, free and clear of all liens, charges, and incumbrances of every kind and character, a certain part and parcel of said tract of land containing 6 acres, more or less. The note for $10,000, bearing the signature of Robert E. Garnett, was given for security for the performance by Chas. H. Garnett of said contract, and the mortgage which was given to secure the payment of the note also bore the signature of Robert E. Garnett and was in the usual form, except it contained the following provision:

"This conveyance is intended as a mortgage to secure the payment of one promissory note of even date herewith for $10,000, due one day after date, without interest, before or after maturity, and conditioned as security or indemnity for the performance of a contract and signed by first party."

The theory of the plaintiff, as disclosed by her petition and the evidence offered in support thereof introduced at the trial, was that Chas. H. Garnett having breached his contract in relation to the 6-acre tract, a cause of action immediately arose in her favor upon the contract, note, and mortgage; that, whilst the note and mortgage bore the signature of Robert E. Garnett, they were in truth and in fact the contracts of Chas. H. Garnett, the signature of Robert E. Garnett being attached thereto by Chas. H. Garnett, who was the true owner of the real estate covered by the mortgage, and the sole party in interest as to each of these instruments.

The theory of the plaintiffs in error, Chas. H. Garnett and Robert K. Garnett, was that the contract was the contract of Chas. H. Garnett, and that the note and mortgage were the note and morgage of Robert E. Garnett. and that the title to the land covered by the mortgage passed from Robert E. Garnett through Chas. H. Garnett to Robert K. Garnett, by virtue of certain conveyances and tax deeds which, in view of the findings of the jury, it will not be necessary to notice in detail. As stated before, the parties treated the cause as a suit in equity, and upon it being reached for trial in due course, after the evidence was all in, the court submitted certain questions of fact to the jury

for determination, which questions and the answers thereto are as follows:

"(1) Did the defendant Chas. H. Garnett pay to the plaintiff Mattie R. Storm the note due under the terms of the contract on July 1, 1912? No.

"(2) Did the defendant Chas. H. Garnett pay the taxes due on the real estate described in the mortgage for the year 1911? No.

"(3) Did the defendant Chas. H. Garnett pay the taxes on the real estate described in the mortgage for the year 1912? No.

"(4) Has the plaintiff been restored to her property consisting of the five acres south of the railroad, which she conveyed to Robert E. Garnett? No.

"(5) What was the reasonable value on the 2d day of July, 1912, of the six acres, together with the improvements thereon, which Chas. H. Garnett agreed to cause to be conveyed to the plaintiff? $9,000.

"(6) Did Robert E. Garnett have any interest in the subject-matter of the contract between the plaintiff and Chas. H. Garnett? No.

"(7) Was the mortgage given for the use and benefit of the defendant Chas. H. Garnett and as part of the consideration and for his use and benefit? Yes.

"(8) Did Chas. H. Garnett acquire the record title to the property described in the mortgage on the 21st day of May, 1912? Yes.

"(9) Did the defendant Chas. H. Garnett retain and hold the legal title to the land described in the mortgage for more than one year? Yes.

"(10) At the time Chas. H. Garnett took the legal title to the land described in the mortgage was the mortgage which was executed to the plaintiff on record? Yes.

"(11) Has the plaintiff's mortgage ever been discharged or released? No.

"(12) Did the plaintiff act under the advice of the defendant Chas. H. Garnett in transferring the mortgage which she held against John Fiedler to Arthur C. Hobble at the request and upon the advice of the defendant Chas. H. Garnett? Yes.

"(13) Did the defendant Chas. H. Garnett advise the plaintiff to assign said mortgage to Hobble and foreclose the same under the terms of the contract of July 5, 1911, in order to enable Chas. H. Garnett to benefit thereby to the extent of retaining all but six acres to be deeded to the plaintiff? Yes.

"(14) Was the contract of July 5, 1911, made solely for the benefit of the defendant Chas. H. Garnett? No."

The defendants requested the submission of certain special interrogatories which, with the answers of the jury thereto, are as follows:

"(1) Did the defendant Chas. H. Garnett, after the execution of the contract between said defendant and plaintiff, dated July 5, 1911, institute an action in the superior court of Oklahoma county, Okla., in pursuance of his agreement in said contract, and continue to prosecute the same with reasonable care and diligence until the second trial had been had and two adverse verdicts set aside and a new trial granted? No.

"(2) Was the said Chas. H. Garnett, in deferring a third trial of said foreclosure suit, justified and did he exercise reasonable skill in so doing, under all the existing facts and circumstances attending the case? No.

"(3) Has said defendant Chas. H. Garnett abandoned the foreclosure suit instituted by him in the superior court in pursuance of the terms of said contract of July 5, 1911, with plaintiff, and, if so, when? No.

"(4) Was the postponement of the further trial of the case of Hobble v. Storm in the superior court until after the decision of the Supreme Court in the case of Fiedler v. Fiedler made with the knowledge and consent of the plaintiff in this action Mattie R. Storm? No."

No general verdict was returned by the jury with their answers, and upon the return of the jury into court and the filing of said interrogatories, together with the answers thereto, the defendants excepted to the failure of the jury to return a general verdict, which exception was overruled. Whereupon plaintiff filed a motion for judgment in her favor, and the defendants filed their motion for judgment in their favor, on the facts and evidence, and also filed their motion for judgment upon the evidence and pleadings, notwithstanding the findings of the jury, and also filed their motion for new trial. Thereafter the court approved and adopted the findings of fact of the jury, and finds and considers said findings of the jury sufficient and complete for the purpose of making and rendering judgment therein; whereupon the motion for new trial was overruled, and judgment rendered in favor of the plaintiff, Mrs. Storm, against Chas. H. Garnett in the sum of $9,000, and a decree entered foreclosing the mortgage given to secure the performance of the contract between Mrs. Storm and Chas. H. Garnett.

Counsel for plaintiffs in error present their grounds for reversal in his brief as follows:

(1) The trial court erred in the admission in evidence of the note and mortgage sued on by plaintiff over the objection of the defendants without proof of their execution.

(2) The trial court erred in not sustaining the demurrer of Chas. H. Garnett to the evidence at the close of the plaintiff's evidence.

(3) The trial court erred in not sustaining the demurrer of Robert K. Garnett to the evidence at the close of the plaintiff's evidence.

(4) The trial court erred in admitting the testimony of the plaintiff, given in rebuttal, as to the value of the six acres of land which the defendant Chas. H. Garnett was to convey to her under the contract.

(5) The trial court erred in refusing to give the peremptory instructions requested directing the jury to find in favor of the defendants Chas. H. Garnett and Robert K. Garnett.

(6) The trial court erred in not directing the jury to return, and in that the jury did not return, a general verdict in the case.

(7) The trial court erred in submitting to the jury the interrogatories requested by plaintiff, in overruling defendant's motion for judgment in their favor notwithstanding the verdict, and in overruling their motion for a new trial.

(8) The trial court erred because the judgment is not supported by the evidence and is contrary to law.

First, as to the merits of the case, we wish to state that we have examined the record carefully, and are convinced that the findings of fact by the jury are amply supported by the evidence, and that they fully establish the plaintiff's theory of the case. We are also of the opinion that there was sufficient evidence to support a finding that Robert E. Garnett had no interest in the subject-matter of the note and mortgage; that these instruments were in fact the note and mortgage of Chas. H. Garnett, who was the owner of the land described in the mortgage and the real party in interest in each and all of the instruments herein involved. Treating these facts as established, we will now proceed to examine the assignments of error from this viewpoint:

The first assignment of error is predicated upon the theory that the verified answer of the defendant Chas. H. Garnett put in issue the execution of the note and mortgage, and therefore it was error to admit these instruments in evidence: We do not understand this to be the effect of the answer. It is true Chas. H. Garnett by verified answer denies that said note and mortgage were his note and mortgage, but he also avers that said note and mortgage were the note and mortgage of Robert E. Garnett, whose name he signed thereto, and that said Robert E. Garnett at the time of the execution was the owner of said real estate and the true and lawful owner thereof, and that the said note and mortgage were and are the note and mortgage of said Robert E. Garnett. It is obvious at a glance that the only issue of fact joined by these denials and averments

is whether or not the note and mortgage were the note and mortgage of Chas. H. Garnett, or the note and mortgage of Robert E. Garnett. Clearly the execution of the note and mortgage was not denied by verified answer, as counsel contend.

The second assignment of error is based upon the theory that the plaintiff failed to introduce any evidence which tends to prove any amount of damages whatever as a result of the alleged breach of contract by Chas. H. Garnett. This assignment will be noticed more in detail when the assignment which presents for review the question of the proper measure of damages is reached in its order.

In discussing the third assignment of error counsel for plaintiffs in error in his brief says:

"If they were the note and mortgage of Chas. H. Garnett, although not purporting to be his, then the demurrer of Robert K. Garnett is no stronger than that of Chas. H. Garnett."

This statement by counsel renders it unnecessary to devote any separate attention to this assignment, as it must stand or fall upon whatever conclusion we reach in relation to the preceding assignment of error, when the same is considered in its proper place.

Counsel presents the fourth assignment of error under three subheads as follows:

(1) Error of the court in permitting the plaintiff to testify in rebuttal and over the objection of defendants that the value of the six acres of land which Chas. H. Garnett was to convey to her under the contract was $9,000.

(2) Plaintiff did not show herself qualified to testify as to the value of the land in question.

(3) The value of the six acres of land to be conveyed to the plaintiff under the contract is not the true measure of her damages for the breach thereof.

All that it is necessary to say on the first subdivision of this assignment of error is that, this being a suit in equity, tried by the court, merely using the jury in an advisory capacity, the order in which proof was introduced was largely discretionary with the trial court. The trial court in the trial of such causes, in furtherance of justice, may reopen the case at any time during the progress of the trial, to enable additional proof to be introduced upon any matter properly before the court. We find no abuse of discretion on the part of the trial court in permitting the plaintiff to

testify upon rebuttal as to the value of the six-acre tract, although such evidence more properly constitutes a part of her case in chief.

On the second subdivision the objection of counsel seems to be based upon the theory that, inasmuch as the plaintiff did not qualify herself as a witness by showing that she was familiar with the market value of the land, she was incompetent to testify. The evidence shows that the plaintiff was the owner of part of the tract of land in dispute, and lived with her former husband upon the identical 6-acre portion thereof, it being the part upon which the residence and other improvements were situated, for a considerable period of time, and that she had a good general knowledge of its value. In Fire Ass'n of Philadelphia v. Farmers' Gin Co., 39 Okla. 162, 134 Pac. 443, it was held:

"Witnesses are not incompetent to testify as to the value of a ginhouse and machinery used therein simply because they do not know the market value of the same, especially where it is shown that they live in the same neighborhood, are well acquainted with both house and machinery, have worked therein, have had several years' experience in handling such machinery, and have a good general knowledge of values, and claim to know the cash value of the particular building and machinery. Their competency is a question for the court, while the value of their testimony is for the jury to determine."

On the third subdivision counsel contend that the plaintiff's measure of damages is fixed by section 2858, Rev. Laws Okla. 1910, which provides:

"The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid, and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land."

In our judgment, this section of the statute is not applicable to the contracts involved herein under the facts presented by the record before us. In the case at bar the plaintiff was the undisputed owner of a part and had an interest in the entire tract of land involved in the contract. She deeded the entire tract of land to Robert K. Garnett, the principal consideration for the transfer being the promised services of Chas. H. Garnett as an attorney-at-law in foreclosing the mortgage which the plaintiff held upon the whole tract, the purpose being to

enable Chas. H. Garnett to take title to the entire 20 acres by purchase at sheriff's sale and reconvey a certain 6-acre tract, upon which the improvements were situated, to the plaintiff, Chas. H. Garnett retaining title to the balance. By this means the defendant Chas. H. Garnett acquired a perfect title to a considerable portion of the 20-acre tract which the plaintiff owned in fee simple, which, by the terms of the contract, does not become forfeited by any failure or refusal on his part to perform his contract in relation to the 6-acre tract. As the equitable title to the 6-acres which Garnett was to reconvey to the plaintiff was still in Fiedler, her former husband, whether she ever acquired title thereto depended entirely upon the success of the foreclosure proceedings, the sale of the entire tract thereunder, the purchase thereof by Garnett, and its reconveyance to the plaintiff. If it was the intention of the parties that the statutory rule should govern in the event Chas. H. Garnett was unable or refused to carry out the part of the contract relating to the 6-acre tract, then the execution of the note and mortgage would have been superfluous, for the nature of the mutual considerations which supported the contract were such that justice could be done between Mrs. Storm and Chas. H. Garnett without their execution, simply by restoring the status quo before the contract. In our opinion, it was not the intention of the parties that the part of the transaction which became fully executed immediately upon the execution of the contract should be disturbed by the contingency which was more than likely to arise of Garnett not being able to carry out the contract in relation to the 6 acres. In our judgment, all of these instruments construed together clearly show that Chas. H. Garnett obligated himself to procure the coveted 6-acre tract for the plaintiff within a reasonable time, if possible, in the manner outlined in the contract, or, in lieu of this, pay her the value of the land, not to exceed $10,-000. This construction leaves in him the undisputed title to the portions of the 20-acre tract formerly owned by the plaintiff and affords him an opportunity to acquire title to the whole 20-acre tract, if he finally succeeds in foreclosing the assigned mortgage and proceeding to the end along the lines outlined in his contract with Mrs. Storm. This seems to be the view of the transaction entertained by the trial court, and, as this construction leaves undisturbed many of the avowed purposes of the parties which have been fully executed, and approximates justice between Chas. H. Garnett and Mrs. Storm, we can see no substantial ground for complaint on the part of either of the principal parties in interest.

Upon the next assignment of error it is only necessary to say that in the trial of a suit in equity the court may call in a jury for the purpose of advising the court upon specific questions of fact, and the court in its discretion may adopt or reject any or all of such findings made by the jury. Oklahoma Trust Co. v. Stein et al., 39 Okla. 756, 136 Pac. 746; Success Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 898. Of course, in such cases a general verdict by the jury is not necessary, unless the trial court requires it.

On the entire record we are satisfied that the plaintiffs in error have had the benefit of a fair and impartial trial, and that no error has been committed by the trial court in the matter of instructing the jury, or the admission or rejection of evidence, or as to any matter of pleading or procedure which has probably resulted in a miscarriage of justice, or constitutes a substantial violation of any of their constitutional or statutory rights. In such circumstances we are not at liberty to reverse the judgment of the trial court upon any of these grounds. Section 6005, Rev. Laws Okla. 1910; Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.