## PONCA REFINING CO. v. SMITH.

No. 8339—Opinion Filed July 30, 1918.

(174 Pac. 268.)

### Damages — Damage to Realty—Measure— Abatable Cause of Injury.

Where a cause of injury is abatable either by expenditure of labor or money, the same is not permanent, and the owner is entitled to recover therefor only such damages as has accrued on account of the impaired lost use of his property up to the time of the commencement of the action, and the measure of value of the real estate before and after said injury is not the true measure of damage.

(Syllabus by Hooker, C.)

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by J. H. Smith against the Ponca Refining Company. Judgment for plaintiff, and defendant brings error. Reversed.

Warren K. Snyder, J. R. Cottingham, and S. W. Hayes, for plaintiff in error.

B. C. Wieck, for defendant in error.

Opinion by HOOKER, C. In the petition filed in this cause it is alleged that the plaintiff in error, the defendant below, while engaged in operating an oil refinery at Ponca City, emptied hot water, refuse, and crude oil into a creek which drained into the land of the plaintiff, and that by reason thereof the water in said creek was contaminated and rendered unfit for the use of the plaintiff's live stock, and that oftentimes the air surrounding the home of the plaintiff was rendered unhealthful and offensive by the odor emanating therefrom, and that the effect thereof was to reduce the value of the plaintiff's land in the sum of $3,000.

Upon the trial of this cause the court in-

structed the jury that the measure of damages which the plaintiff below was entitled to recover was the difference between the reasonable and fair market value of the land prior to the time that the water became contaminated and its value thereafter. This instruction was duly excepted to.

The defendant below also demurred to the petition of the plaintiff, which demurrer was overruled and exceptions saved.

It is asserted in this court that this cause should be reversed for the reason that the injury complained of, not being a permanent one but one that may be abated, the measure of value of the real estate before and after said injury is not the true measure of damage.

This court, in St. L. & S. F. R. Co. v. Ramsey, 37 Okla. 449. 132 Pac. 478, said:

"For negligent injuries to realty which result from a cause susceptible of remedy or abatement. the owner is entitled to recover therefor only such damage as had accrued on account of the impaired or lost use of his property up to the time of the commencement of his action. For injuries resulting from permanent cause, the owner may recover in a single action his entire damage. to wit, that amount which represents the permanent depreciation of the realty in value in consequence of the injury: (a) When a cause of an injury is abatable, either by an expenditure of labor or money, it will not be held permanent. * * * (b) When not permanent, the statute of limitation does not begin to run until the injury is suffered."

Also see City of Ardmore v. Orr, 35 Okla. 305 129 Pac. 867; Pahlka v. C., R. I. & P. R. Co., 62 Okla. 223, 161 Pac. 544; C., R. I. & P. R. Co. v. Morton, 57 Okla. 711 157 Pac. 917; Norman v. Ince, 8 Okla. 412, 58 Pac. 632.

Under the evidence here, considering the nature of the injuries complained of which are clearly abatable. the contentions of the plaintiff in error are well taken.

This cause is therefore reversed.

By the Court: It is so ordered.