## PULASKI OIL CO. v. EDWARDS, Adm'r, et al.

No. 11336 —Opinion Filed July 31, 1923.

1. **Oil and Gas—Permitting Salt Water to Flow on Adjoining Land—Actionable Negligence.**

Section 4324, Revised Laws of Oklahoma 1910, enjoins the duty on oil operators not to permit salt water to flow over the surface of land. A violation of this statute is actionable negligence.

2. **Same—Excessive Damages.**

Record examined, and held, a verdict of $800 for permanent injuries to agricultural lands caused by permitting salt water to flow across said lands, cutting one entire tract in two and causing permanent injuries to the soil, is not excessive.

3. **Same — Measure of Damages — Instructions.**

In an action for injuries to real estate caused by permitting salt water to flow over the land, the measure of damages is the loss actually sustained. In the case of permanent injuries to property, the measure of damages is the difference between the value of the property immediately prior to the injury and the diminished value thereafter. An instruction stating the foregoing rule is not prejudicial because the words "fair cash value" were used in defining the measure of damages, instead of the words "fair market value."

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by Bessie C. Edwards, administratrix of the estate of Thomas L. Edwards, deceased, and another against the Pulaski Oil Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Robinson & Mieher, for plaintiff in error.

J. O. Counts and O. H. Searcy, for defendants in error.

Opinion by LYONS, C. The plaintiffs in the court below brought suit against the defendant oil company to recover damages alleged to have been caused by overflowing and permeating of the soil of the plaintiff's farm by salt water and other substances produced from an oil well drilled on an adjoining tract by the defendant company.

Trial was had to a jury, and a verdict in the sum of $800 was returned against the oil company, plaintiff in error. The oil company appeals.

It appears that the oil company drilled a test well for oil and gas on the Voyles farm adjoining the premises of the plaintiffs. During the course of drilling a large quantity of salt water was encountered and the oil company made arrangements with the plaintiffs' intestate for the construction of two pools on plaintiffs' lands for the purpose of holding the salt water and other refuse from said test. It appears that thereafter salt water ran across the lands of plaintiffs diagonally, cutting one tract in two and causing permanent injury to the soil to a depth of several feet. The land actually covered by salt water is estimated at from three acres to six acres, but it also appears that the destruction of this soil was especially injurious, because the portion destroyed ran diagonally across one of plaintiffs' entire tracts in the most fertile, tillable portion thereof.

There is a dispute in the evidence as to whether the salt water came entirely from seepage from the ponds constructed on plaintiffs' land by the oil company, or whether a considerable part of it was water which overflowed the banks of the ponds, but this dispute is disposed of by the verdict. On the question of damages the testimony of the witness who resided in the vicinity and who testified that they were acquainted with the "fair cash, market value of land there," was to the effect that the farm was worth from $1,000 to $1,500 more before the injury from salt water than it was after such injury. In other words, the testimony disclosed that the market value of the farm had been diminished by $1,000 to $1,500 by reason of the injury from salt water.

The oil company complains of the verdict on the ground that the verdict is excessive, and makes the contention that since the testimony shows that only two to six acres of land was actually destroyed, and there is testimony tending to show that the market value of the land is approximately $50 per acre, that the judgment should not be in excess of $300. This claim is not tenable.

The jury had a right to take into consideration the fact that 120 acres of cultivated land was cut in twain by a zig-zag strip of destroyed soil a mile in length. In the case of Town of Norman v. M. J. Ince, 8 Okla. 412, 58 Pac. 632, the rule is laid down in the third paragraph of the syllabus:

"In an action to recover for an injury to property arising from carelessness and negligence of the corporate authorities in permitting a water standpipe to continuously overflow upon the premises of an adjacent property owner, the measure of damages is the loss actually sustained, and in case of a permanent injury to the property the true measure of damages is the difference between the value of the property immediately prior to the location and construction of such improvement and its diminished value immediately thereafter."

In the instant case the court instructed the jury:

"Should you find for the plaintiff, your verdict should be for the difference in the fair cash value of the land in question owned by them, immediately before and after the injury or damage, if any, not to exceed the sum of $1,500."

This was not error. Armstrong v. May, 55 Okla. 539, 155 Pac. 238; Garnett et al. v. Storm et al., 64 Okla. 137, 166 Pac. 401.

It is true that the court used the words "fair cash value" in the instruction, and that the term "fair market value" would have been more apt. Under the testimony, however, the language of the court could not have misled the jury and no prejudicial error results.

The plaintiff in error's contention as to the qualification of two of the witnesses who testified as to value is based on the fact that the witnesses were asked whether they had a "judgment" as to the "fair market value of the land," instead of being asked if they knew the fair market

value of the land. This objection is not well taken under the authority above quoted, and in any event other witnesses whose qualification was not objected to, gave testimony sufficient to sustain the verdict.

It is clear, therefore, that the verdict is not excessive, is sustained by the evidence, and that there is no reversible error in the admission of testimony. Further, the court's instruction defining the measures of damages is correct.

The plaintiff in error further contends that its theory that it would not be liable for injuries caused by water which seeped out of the ponds constructed on the land was ignored in the instructions. We think this theory was fully submitted by the court in instructions numbered 3 and 4, which are as follows:

"But notwithstanding should you find that salt water was produced from the drilling of said well and that the same overflowed plaintiffs' premises and damaged the same, but should you find from the evidence that plaintiffs caused to be dug from the ponds containing said water a ditch, and by means thereof conducted said water to their premises and that said water so conducted caused the damages, if any, complained of, then your verdict should be for the defendant.

"Also notwithstanding should you find that salt water was produced from the drilling of said well and that the same overflowed plaintiffs premises and damaged the same, but should you find from the evidence that plaintiffs sold to defendant the right to construct two artificial reservoirs upon their premises for the purpose of storing the water produced from the drilling of said oil well and should you further find that in the construction of said ponds the defendant used ordinary skill and care in the construction of the same, but that notwithstanding the exercise of such due care and skill, the water escaped from said ponds by seepage through the walls thereof and overflowed and damaged the plaintiffs' land, then your verdict should be for the defendant. But should you find that the defendant did not use ordinary care and skill in the construction of said ponds, and on account of the failure to use ordinary skill the water escaped from said pond, or ponds, and overflowed plaintiffs' premises, and caused damages to their premises in causing crops not to grow thereon, then your verdict should be for the plaintiffs."

These instructions were, in our view, favorable to the oil company and fully submitted its theory to the jury.

A more important question in the case is the contention of the plaintiff in error

that the court erred in the instruction submitting the question of liability. This instruction is as follows:

"Should you find from a fair preponderance of the testimony that in September, 1917, and at time thereafter complained of, the plaintiffs were the owners of a tract of land located in this county described in their petition, and that defendant company while drilling an oil well on the premises adjacent to plaintiffs' produced water charged with salt and that it permitted said water to escape and overflow the lands of the plaintiffs, and should you further find that said water so flowing upon the lands of the plaintiffs damaged said land by impregnating the same, or some portion thereof, with salt and that as a result thereof said land so overflowed depreciated in value, then your verdict should be for the plaintiffs, and unless you so find your verdict should be for the defendant."

Plaintiff in error contends that the instruction is erroneous and misleading because it tells the jury that in order to find for the plaintiffs, they need only find that the defendant permitted salt water to overrun the plaintiffs' land and that nothing is said in the instruction about negligence on the part of the defendant. In other words, it is claimed that since liability is made to depend, not upon any degree of care or lack of care upon the part of the oil company, but merely on the fact as to whether it permitted salt water to overrun plaintiffs' land, that the court's instruction is erroneous. This is not the law. Permitting oil or salt water to flow on adjoining land so as to accumulate or stand in pools and destroy crops and timber thereon is an actionable injury. Niagara Oil Co. v. Ogle, 177 Ind. 292. Ann. Cas. 1914D, 67.

Section 4324, Revised Laws of Oklahoma 1910, is as follows:

"No inflammable product from any oil or gas well shall be permitted to run into any tank, pool or stream used for watering stock; and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. **Salt water shall not be allowed to flow over the surface of the land.**"

This statute is sufficient to make injuries of the kind described here actionable. See also Northup v. Eakes, 72 Oklahoma, 178 Pac. 266: Walters et al. v. Prairie Oil & Gas. Co., 85 Okla. 77, 204 Pac. 006.

Finding no error in the record, the judgment of the lower court is affirmed.

By the Court: It is so ordered.