## OWEN-OSAGE OIL & GAS CO. v. LONG.

No. 12666—Opinion Filed Sept. 16, 1924.

Rehearing Denied Dec. 16, 1925.

**1 Oil and Gas—Negligent Operation—Liability—Overflow of Salt Water.**

Section 7969, Comp. Stat. 1921, enjoins the duty upon oil operators not to permit salt water to flow over the surface of lands, and a violation of this statute resulting in injury to another is actionable negligence.

**2. Same—Action for Damages—Instruction.**

As a general rule the violation of a public duty enjoined by law for the protection of persons or property constitutes negligence per se, and an instruction which told the jury, in effect, that if they found and believed that the defendant permitted salt water to escape from its oil and gas wells and run over the surface of the land and into a creek running through and across the plaintiff's pasture, and thereby pollute and poison the stock water in said pasture, to the plaintiff's injury, the plaintiff was entitled to recover, was not erroneous for the reason that it failed to characterize the action of the defendant as being negligence.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Osage County; G. B. Sturgell, Judge.

Action brought by John A. Long for damages against Owen-Osage Oil & Gas Com-

pany. From judgment for plaintiff, defendant appeals. Affirmed.

Leahy, MacDonald & Files and Elmer L. Fulton, for plaintiff in error.

L. F. Roberts, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendant as they were designated in the trial court.

This action was commenced by the plaintiff to recover damages alleged to have resulted by reason of salt water escaping from the defendant's oil wells and flowing down a natural water course running through the plaintiff's pasture, farm, and feed lot.

The substantial averments of the petition are that during the year 1919 the defendant was engaged in the business of prospecting, drilling for and producing oil in Osage county, Okla., that the defendant was in possession of a farm and pasture consisting of about 910 acres, 750 acres of which was in pasture and the remainder farm lands; that the defendant drilled wells on certain lands adjacent to lands of the plaintiff, which wells produced large quantities of salt water and other poisonous substances, which were permitted by the defendant to flow into a creek containing living water, which creek runs from near the point where such wells were located, down through and across the plaintiff's pasture, farm and feed lot, and polluted and poisoned the water in such pasture to such an extent that it was unfit for animals to drink; that said creek was the natural watering place for stock inclosed in said pasture. and that by reason of the salt water being permitted to escape from said wells and run over the land and into said creek and so poison the natural water, the plaintiff lost the use of said pasture for the year 1919, to his damage in the sum of $600; that during the year 1919 the plaintiff raised upon said land 30 acres of feed crop; that said feed crop was of the value of $300, if it could have been fed and used upon the lands where grown; that there was no other market for said feed crop, except to persons who would feed it upon the land, and that by reason of the poison and polluted condition of the water, the plaintiff was unable to find a market therefor, to his further damage in the sum of $300.

The defendant's answer was a general denial. Other defenses were set up, but appear not to have been urged at the trial, and are not urged here.

The case was tried to a jury, resulting in a verdict and judgment for the plaintiff for $550. The defendant's motion for a new trial was overruled, and the case is appealed to this court, and the grounds urged for reversal are:

"(1) Under the issues and facts, the defendant can be held liable only for acts of negligence.

"(2) The verdict and judgment are not supported by the evidence."

Under the first proposition the defendant says:

"There is no statute creating a liability on account of damages resulting from salt water being permitted to escape into rivers and streams even when the same is used for watering stock. Consequently if liability exists for such acts it must be a common law liability and such liability results only from acts of negligence."

The defendant, in support of this contention, cites numerous authorities to the effect that section 6526, Comp. Stat. 1921, has no application to this case, and with this we agree. But section 7969 does apply, and was undoubtedly enacted for the purpose of protecting citizens in the situation of the plaintiff. Said section is as follows:

"No inflammable product from any oil or gas well shall be permitted to run into any tank, pool or stream used for watering stock; and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land."

The last provision of said section "salt water shall not be allowed to flow over the surface of the land," is intended to protect the property owner whose real estate is situated down stream from where the salt water is released. There is no essential difference between releasing the salt water upon the property owners land and releasing it on adjacent land up stream, because where it is so released by operation of natural laws, it will find its way upon the lower lands. The violation of this statute is sufficient to give the party injured a right of action.

"As a general rule the violation of a public duty enjoined by law for the protection of persons or property constitutes negligence per se." Chicago, R. I. & P. Ry. Co. v. Pitchford, 44 Okla 197, 143 Pac. 1146.

"It is well settled that the failure to perform a statutory duty, imposed by a valid statute under the police power of the state

for the protection of the public, is negligence per se." Whitehead Coal Mining Co. v. Pinkston, 71 Okla. 124, 175 Pac. 364.

"Section 4324, Revised Laws of Oklahoma 1910 (section 7969, supra), enjoins the duty on oil operators not to permit salt water to flow over the surface of land. A violation of this statute is actionable negligence." Pulaski Oil Company v. Bessie C. Edwards, Adm'r., et al., 92 Okla. 56, 217 Pac. 876.

Selby Oil & Gas Co. v. Rogers. 94 Okla. 269, 221 Pac. 1012; Sand Springs Ry. Co. v. Westhafer, 92 Okla 89, 218 Pac. 225.

The precise objection urged here to instruction No 3, which in effect told the jury that it was the duty of the defendant oil company during its operations to impound all salt water produced from its wells, and if the same was permitted to escape and pollute a fresh water stream that was used for watering stock and damage resulted therefrom to the plaintiff, as alleged in the petition, the defendant was liable.

The second assignment of the defendant cannot be sustained. There was ample evidence to sustain the verdict and judgment. It is true the evidence as to the damages resulting from the plaintiff's inability to market his feed crop was indefinite, but if all of the evidence concerning the feed crop was eliminated, still the uncontroverted evidence as to the damage to the pasture would have supported a verdict in an amount in excess of that found by the jury.

The evidence fully supports the plaintiff's contention that a stream of living water running through and across his pasture was so contaminated and poisoned by salt water from the defendant's wells as to render the pasture practically valueless during the year 1919. This was not seriously disputed on the trial, nor is it contended that the verdict was excessive. The real contention of the defendant being that the instruction complained of in effect told the jury that the defendant permitted the salt water to escape into the creek running into the defendant's land, and nothing is said in the instruction about negligence on the part of the defendant. The same question was raised in Pulaski Oil Co. v. Edwards, supra, and it was there held that permitting salt water to escape upon adjacent land to the damage of the owner thereof was an actionable injury.

We have examined the entire record and have carefully considered the brief presented by the defendant, and are unable to perceive that the defendant has been injured by any of the rulings complained of. The verdict and judgment was manifestly for the right party and is not excessive, and while the instructions are not models, taken as a whole the issues in the case appear to have been fairly submitted, and had a verdict been rendered for the defendant, it would have been the duty of the trial court to have set it aside.

"Where it appears from the evidence that a verdict is so clearly right that, had it been different, the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instructions." Mitchell v. Altus State Bank, 32 Okla. 628, 122 Pac. 66.

"Where a judgment is rendered and from an examination of the entire record it appears that the instructions to the jury complained of and requested instructions refused, have probably not resulted in a miscarriage of justice nor constitute a substantial violation of a constitutional or statutory right, this court is powerless to reverse such judgment." New et al., Receivers, v. Hughes 80 Okla. 129, 194 Pac. 897.

Finding no prejudicial error in the record we recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.