**COMANCHE DRILLING CO. v. SHAMROCK OIL & GAS CO.**

No. 13530—Opinion Filed Sept. 21, 1926.

Rehearing Denied March 15, 1927.

(Syllabus.)

**1. Negligence—Failure to Perform Duty Imposed by Statute.**

The failure to perform a statutory duty imposed by a valid statute under the police power of the state for the protection of the public, is negligence per se. -

**2. Oil and Gas—Storage of Oil on Premises Where Produced—Liability of Owner for Damages from Escaping Oil. .**

Where oil is produced and stored on the premises, it is the duty of the owner thereof to impound and retain it, and if he allows it to escape, he will be required to respond to any damage that may be occasioned to his neighbor as a direct and proximate result of such escaping oil, it being negligence per se to allow the oil to escape; provided, that the person injured is free from negligence contributing to the injury.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by the Comanche Drilling Company against the Shamrock Oil & Gas Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Bond, Melton & Melton, for plaintiff in error.

Carrigan, Montgomery, Britain, Morgan & King, Womack, Brown & Cund, and H. Grady Ross, for defendant in error.

PHELPS, J. This cause comes here on appeal from the district court of Stephens county, the facts out of which it grew being substantially as follows:

Plaintiff in error, who was plaintiff below, was engaged in drilling an oil well and had the necessary derrick, rig, machinery, etc., upon its premises to carry on the drilling operation. Some 450 feet away from where plaintiff was drilling its well and on higher ground, but nearer the same draw, swale or depression, defendant had drilled a well which was producing oil; defendant had thrown up an earthen embankment forming a tank or pool to retain the oil and water coming from such well, and this tank or pool had been partly filled with water, upon the surface of which had accumulated a considerable quantity of oil. On the night the injury complained of occurred a rain fell, filling such tank or pool with water, causing the earthen embankment to give way and allowing the accumulated water

and oil to flow down upon the plaintiff's premises, and the oil thus carried upon the surface of the water accumulated around the plaintiff's boilers and caught fire, resulting in the destruction of plaintiff's drilling outfit. It brought suit for damages thus resulting; the cause was tried to a jury, terminating in a verdict for the defendant, and to reverse the judgment rendered thereon this appeal is prosecuted.

Plaintiff bases its cause of action upon the negligence of defendant. In addition to its general denial, defendant pleads contributory negligence, assumption of risk, and also that the rain causing the embankment to break was, in contemplation of law, an act of God, for which defendant claims it is relieved from liability.

It is contended by plaintiff that the court erred in refusing to give plaintiff's requested instruction No. 4, reading as follows:

"You are instructed, gentlemen of the jury, that if a person attempts to confine or store water and oil on his premises by means of tanks, or reservoirs or ponds, and after collecting water and oil therein permits it to escape and flow onto adjoining premises in greater volume and with greater force than it would have flowed but for the escape from such tank, pond or reservoir, and by reason thereof injury or damage results as the direct and proximate cause thereof, then such person is liable for such injury, if the person injured is free from negligence contributing to the injury."

The instruction requested was given by the court in instruction No. 13, with the exception that the word "negligently" was written therein, making it read:

"And after collecting water and oil therein negligently permits it to escape and to flow onto adjoining premises," etc.

We, therefore, conclude that if the instruction given was a correct interpretation of the law as applied to the facts in this case, the judgment should stand, but if the instruction requested and refused embodies the law as applied to the facts in this case, then the judgment should be reversed.

Section 7969, Comp. Stats. 1921, provides that:

"* * * All waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land."

Based upon this section of the statute,

plaintiff in error contends that to allow the oil to escape in the manner shown by the evidence in the instant case made defendant liable for any damage its escape may have caused regardless of whether the defendant "negligently" allowed it to escape as the court directed in its instruction No. 13.

In Whitehead Coal Mining Co. v. Pinkston, 71 Okla. 124, 175 Pac. 364, in the fourth paragraph of the syllabus, this court said:

"It is well settled that the failure to perform a statutory duty, imposed by a valid statute under the police power of the state for the protection of the public, is negligence per se."

Brennan Construction Co. v. Cumberland et al., 15 L. R. A. (N. S.) 535, is an opinion by the District of Columbia Court of Appeals, wherein complaint was made that a quantity of oil had escaped into the Potomac river, was ignited and damaged certain boats of the plaintiff. Apparently the opinion was written without regard to any statutory provision defining plaintiff's duty, and in the second paragraph of the syllabus the court said:

"One who stores upon his premises near a navigable river large quantities of oil, the escape of which is bound to do the greatest amount of damage and injury to persons using the stream, is liable for the injury done in case of an escape of the oil, although it occurs without any negligence on his part."

And in the body of the opinion we find the following statement:

"The remaining assignment of error is directed to the ruling that the defendant was liable whether guilty of negligence or not. Whilst the adjudged cases are not in harmony on this question, we have reached the conclusion that the rule followed by the court below was correct. * * * Many courts have held that a person who places some potentially dangerous substance upon his property—something which, if permitted to escape, is certain to injure others—must make good the damages occasioned by the escape of such substance regardless of the question of negligence."

In Berger v. Minneapolis Gaslight Co. (Minn.) 62 N. W. 336, the court said:

"The defendant, for its own use and profit, stored upon its own land large quantities of crude petroleum. which escaped therefrom, and went upon the premises of the plaintiffs, creating thereon a nuisance. Held, following Cahill v. Eastman, 18 Minn. 324 (Gil. 292), that the defendant is liable for the damages caused by such nuisance, without proof of any negligence on its part."

Thus it appears that this case was decided without regard to any statutory duty imposed upon the owner of the oil. And, in Kinnaird v. Standard Oil Co., 12 S. W. 937, the Court of Appeals of Kentucky said:

"The owner of a spring of water is entitled to recover damages for its pollution by oil stored in large quantities on the land of his neighbor, which, leaking from the casks containing it, saturates the ground and penetrates to the hidden or unknown veins of water feeding the spring."

Northrup v. Eakes, 72 Okla. 66, 178 Pac. 266, was a case where crude oil was negligently allowed to escape into a stream from the premises of two different persons, where it was carried into close proximity to the plaintiff's barn, ignited and burned the barn. In the opinion the question of negligence is not discussed, the main question under discussion being which one of the defendants was liable, and the court reached the conclusion that they were jointly liable for the damages done.

It is argued by defendant in error in the instant case that the statute above quoted has no application to crude oil stored upon the premises where it is produced, insisting that it applies rather to the refuse or waste where the oil is produced, but to our mind it would be unreasonable to impose a greater degree of care upon an oil producer to protect his neighbors against the refuse and waste from any oil well than he is required to exercise in protecting them from damages from the oil that is produced thereon. Counsel for defendant also argue in their briefs that the cases cited above do not support the contentions made in the instant case, and attempt to distinguish them. The opinions in those cases were not written upon the exact state of facts existing here, but a sufficient similarity exists to make the rules therein laid down reasonably applicable here, and these authorities, taken in connection with section 7969, Comp. Stats. 1921, supra, lead us to the conclusion that it is our duty to lay down the rule here that where the owner of premises impounds crude oil upon his premises and it escapes and results in injury and damage to his neighbor, under the circumstances and condition delineated in requested instruction No. 4, supra, the owner of the premises is liable in damages without regard to the negligence as inserted in such instruction. Having reached this conclusion, the trial court erred in refusing the instruction requested, and because of such error the judgment is reversed and the cause remanded for a new trial.

BRANSON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur. NICHOLSON. C. J., and MASON, J., dissent.

Note.—See under (1) 29 Cyc. p. 436; 20 R. C. L. p. 38; 3 R. C. L. Supp. 1022; 4 R. C. L. Supp. p. 1326. (2) 40 C. J. p. 1205, §943; 15 L. R. A. (N. S.) 535.