C. L. McMAHON, Inc., v. SMITH.

No. 30150. Nov. 4, 1941.

*118 P. 2d 1022.*

580

Thos. H. Wren, of Okemah, for plaintiff in error.

J. Walter Long, Jr., and Wm. L. Seawell, both of Okemah, for defendant in error.

PER CURIAM. This is an action by R. T. Smith, plaintiff, against C. L. McMahan, Inc., defendant, for damages to livestock by pollution. From a verdict and judgment for plaintiff, defendant appeals.

Defendant's sole contention is that the trial court erred in giving instruction No. 4, which is as follows:

"You are instructed that under the statutory law of this state it is provided that: 'No inflammable product from any oil or gas well shall be permitted to run into any tank, pool or stream used for watering stock; and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land.' A violation of this statutory law is actionable negligence."

While the instruction is technically defective, in that by the use of the word "actionable" in the last sentence it eliminates causal connection as an element of liability, this defect was cured by subsequent instructions, in which the trial court positively and repeatedly told the jury that plaintiff's right to recover existed only if the injuries to his livestock were caused or contributed to by the negligent acts of defendant, so that the error was harmless. Oklahoma City-Ada-Atoka Ry. Co. v. Riddle, 183 Okla. 318, 82 P. 2d 304; Marathon Oil Co. v. Sanders, 180 Okla. 642, 71 P. 2d 956.

Defendant does not contend that the use of the word "actionable" in instruction No. 4 in any way prejudiced him, but asserts that it amounts to a peremptory instruction for plaintiff, as it in effect made the defendant liable for damages resulting from the escape of salt water and oil from its lease, regardless of whether the escape of such substance was due to causes beyond its control, and it was in fact guilty of no negligence.

An instruction quoting the language of the statute, and telling the jury that a violation thereof is negligence, is proper. Devonian Oil Co. v. Hurt, 169 Okla. 114, 36 P. 2d 24. And if the statute is violated, and injury results therefrom, the liability attaches. The violation of the statute is negligence per se. Comanche Drilling Co. v. Shamrock Oil & Gas Co., 122 Okla. 253, 254 P. 20; Owen-Osage Oil & Gas Co. v. Long, 104 Okla. 242, 231 P. 296.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.