C. L. McMAHON, Inc., v. LENTZ.

No. 30488. March 2, 1943.

*134 P. 2d 563.*

Thos. H. Wren, of Okemah, for plaintiff in error.

Stephenson & Stephenson, of Okemah, and John Morrison, of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover damages alleged to have been caused to livestock and domestic water supply by the pollution of a stream with salt water. The defendant denied liability and by plea in confession and avoidance alleged that it had exercised every effort to prevent the escape of salt water from its premises, and that if any salt water had escaped, it had done so despite the best efforts of the defendant to prevent it. Upon the issues so drawn, trial was had to a jury. The jury returned a verdict in favor of the plaintiff and assessed his recovery at the sum of $400. The defendant appeals from the judgment rendered on the verdict.

The sole grounds urged for reversal are error in giving instruction No. 4 and in refusing to give four requested instructions.

The instruction given and concerning which defendant complains is identical with an instruction which this defendant had us review in C. L. McMahon, Inc., v. Smith, 189 Okla. 579, 118 P. 2d 1022. In that case we pointed out that the instruction was technically inaccurate, but that it was cured by other instructions given by the court. The same situation obtains in the case at bar. The court by other instructions fully apprised the jury of the necessity of plaintiff proving that his injury had resulted from the act of the defendant

154

in permitting the salt water to escape from its wells in violation of the statute (52 O. S. 1941 § 296) before he could recover.

The requested instructions were to the effect that if the defendant was proceeding in the exercise of due care, it would not be liable to the plaintiff for damages which had occurred as the result of violation of the statute. Such instructions were not proper. The statute is a penal one and a violation thereof renders the offender liable for all damages proximately caused thereby. Texas Co. v. Mosshamer, 175 Okla. 202, 51 P. 2d 757; Owen-Osage Oil & Gas Co. v. Long, 104 Okla. 242, 231 P. 296; Comanche Drilling Co. v. Shamrock Oil Co., 122 Okla. 253, 254 P. 20. In an action to recover damages for a violation of the statute the issues drawn are whether the statute has been violated, and, if so, whether damage has proximately resulted therefrom, and the degree of care exercised and the extent to which the statute has been violated are not in issue. The instructions requested by the defendant which sought to inject these collateral issues into the case were properly refused. The rules stated in Pure Oil Co. v. Gear, 183 Okla. 489, 83 P. 2d 389, relied on by defendant, are not applicable, since it is not contended that the salt water did not escape, nor did the injury to the plaintiff's livestock occur on the land from which the salt water was produced and in close proximity to the the wells producing salt water as in the Gear Case.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and BAYLESS, JJ., absent.