## MISSOURI PACIFIC R. CO. v. BOOKER.

No. 14768—Opinion Filed Sept. 8, 1925.

### 1. Appeal and Error—Trial—Questions of Fact — Weight of Evidence — Verdict Conclusive.

In a law case, the jury is the trier of facts, and the question of the weight of the evidence must be determined by the jury. Such determination is not reviewable in the appellate court. In a suit for compensation occasioned by alleged negligence, the question as to whether the railway company servants gave proper warning, being a controverted question of fact, is resolved by the verdict of the jury against the defendant.

### 2. Railroads—Care at Crossings — Speed and Warning of Trains—Instructions.

The court instructed the jury that it was the railroad company's duty, within the city of Claremore, to run its trains at a reasonable rate of speed and to give reasonable signals of the approach of same where the highways of that city cross its tracks. Section 5531, C. O. S. 1921, provides for the giving warning of the approach to roads or streets. Held, that the instruction is not erroneous and does not place an undue burden on the defendant.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Rogers County; A. C. Brewster, Judge.

Action by E. D. Booker against the Missouri Pacific Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thos. B. Pryor and W. L. Curtis, for plaintiff in error.

Robson & Bayless, for defendant in error.

Opinion by LYONS, C. Parties will be referred to as in the trial court. Plaintiff sued the defendant railroad company to recover damages for personal injuries alleged to have been sustained by reason of the negligent operation of one of defendant's trains. Plaintiff alleged that he was driving at a slow rate of speed in his automobile; that upon approaching defendant's tracks he looked and listened for approaching trains, and continued to look and listen up to the time of reaching the track; that he saw no approaching trains; that his vision was in part cut off by reason of a number of loose box cars standing on the siding near the crossing; that as he drove slowly on the track one of defendant's trains, without warning of any character, struck him and caused serious injuries. Plaintiff sued for $2,500 and recovered a verdict in the sum of $500. Defendant appeals from judgment in said amount.

Appellant's contentions on appeal may be summarized as follows: (a) That there is no competent evidence which sustains the verdict; and (b) that the court erred in giving instruction numbered 7, which is as follows:

"You are instructed that where a railway company has knowledge of a highway or street crossing its track, it is charged with notice that travelers on the highway or

street might be there about to cross or in the act of crossing such a highway or street, and it is its duty to run its trains at a reasonable rate of speed, giving reasonable signals of the approach of same.

"Although you may find that defendant failed to give warning of the approach of the train by giving signals, it does not excuse a traveler approaching a crossing from exercising diligence for his own safety, and if he fails to exercise such diligence, notwithstanding no signals were given, if by the exercise of diligence he could have ascertained that the train was approaching and avoided a collision therewith, and he failed to do so, he is guilty of negligence, and if damage results he cannot recover."

Appellant's argument in support of the first proposition goes to the weight of the evidence on the question of whether or not a warning was given by the engineer by the ringing of a bell or the sounding of a whistle. There was testimony to support plaintiff's contention, and this testimony was controverted by the witnesses for defendant. This was a question of fact for the jury to determine. The appellate court does not weigh the evidence.

It is further contended by the appellant that the plaintiff's testimony was negative in its character, and therefore did not have probative force. In a case of this character, such contention must fail under the rule announced in the case of Kugler v. White et al., 91 Okla. 130, 216 Pac. 903. The appellant's first contention, therefore, must be overruled.

We pass now to a consideration of the appellant's contention as to the alleged error in giving instruction numbered 7. No authority is cited by the appellant for the proposition that the first paragraph of said instruction is error. Inasmuch as certain statutory duties are imposed upon railway companies in regard to warnings for the safety of persons when crossing highways, we do not think we are required to pioneer in declaring this instruction reversible error. Further, this injury occurred in the city of Claremore, Okla., and we do not think the court placed an undue burden on the defendant by asserting that it was the defendant's duty within the city to run its trains at a reasonable rate of speed and to give reasonable signals of the approach of same where the highways or streets of that city cross its track. Section 5531, Compiled Oklahoma Statutes 1921, is:

"A bell of at least 30 pounds weight, or a steam whistle, shall be placed on each locomotive engine, and shall be rung or whistled at the distance of at least 80 rods from the place where the said railroad shall cross any other road or street, under a penalty of $50 for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer, and the other half to the state, and shall also be liable for all damages which shall be sustained by reason of such neglect."

The record discloses no reversible error, and the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 858, § 2836, 861, § 2838; 38 Cyc. p. 1516. (2) 33 Cyc. pp. 1134, 1137; 22 R. C. L. pp. 1013, 1014.