## BANK OF McALESTER v. MIDDLEBROOKS.

No. 15364—Opinion Filed Sept. 29, 1925.

Rehearing Denied Dec. 1, 1925.

**1. Witnesses — Cross-Examination —Previous Consistent Statement — When Admissible.**

When a witness is assailed on cross-examination on the ground that his story is an invention or recent fabrication, or that he has some motive for testifying falsely, proof of previous consistent statements or account of the transaction by the witness, when the motive to falsify did not exist, is admissible and is competent as bearing upon the credibility of such witness, such being one exception to the hearsay rule.

**2. Principal and Agent — NonLiability for Acts Outside Limited Authority.**

A principal is not bound by the acts of an agent in excess of his special or limited authority.

**3. Husband and Wife—Admissions of Wife Outside Scope of Limited Agency Inadmissible Against Husband.**

Where the agency of a wife for her husband extends only to the performance of certain specific acts of a general transaction, her admissions in respect to other matters connected with the general transaction are not admissible against the husband.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by John Middlebrooks against the Bank of McAlester. Judgment for plaintiff, and defendant appeals. Affirmed.

George M. Porter and John L. Fuller, for plaintiff in error.

Arnote, McCain & Emory, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Plaintiff, John Middlebrooks, alleged that in 1915, in due course of business, he requested a certificate of deposit for $200 of O. M. Anderson, cashier of defendant bank, delivering therefor his check for money already on deposit and cash delivered over the counter; that Ander-

son delivered to plaintiff Anderson's personal note for $200, representing that same was a certificate of deposit bearing interest, and that when same came due, plaintiff could draw his interest or have a new certificate of deposit, including the interest; that plaintiff was an illiterate negro, unable to read except to a limited extent, and could not understand said instrument, and relied solely upon representations of said Anderson; that when such purported certificate came due, plaintiff returned the same, together with additional cash to Anderson, over the counter of the bank, requesting another certificate to include the principal, interest and additional cash; that thereupon Anderson delivered to plaintiff, the personal note of Anderson under the same conditions and representations as aforesaid; that in 1922, plaintiff delivered to Anderson over the counter of defendant bank, $107 in cash, requesting a certificate of deposit therefor, and received the note of Anderson under the same representations aforesaid; that thereafter, plaintiff, during business hours, delivered to Anderson over the counter of defendant bank, the two purported certificates of deposit as aforesaid and requested a new certificate covering both thereof; that Anderson delivered to plaintiff his promissory note for the sum of $407.10, representing the same to be a certificate of deposit of defendant bank, and stating that plaintiff could get his money with interest at any time within ten years thereafter on presentation thereof; that plaintiff had duly presented such instrument to defendant bank and demanded payment thereof, which was refused. Prior to said demand, however, Anderson had absconded with considerable funds of the bank. Judgment on verdict was for plaintiff, for the amount named in the instrument, together with interest.

1. Defendant assigns, first, that the trial court erred in admitting evidence on the part of plaintiff. Over the objections of defendant, the court permitted one Tippitt to testify, referring to 1915, when plaintiff claims to have made his first said deposit, that the witness advised plaintiff to put his money on time deposit, taking good security; that the plaintiff did not know how to do that, and witness told plaintiff to place his money on time deposit with Mr. Anderson, where it would draw four per cent. interest: that plaintiff told witness he would do that, and thereafter that he had done so. The answer of defendant consisted of a general denial. Counsel for defendant, in opening, stated that plaintiff was never deceived by the nature of the transaction and knew that he was making private loans to Anderson; that when it transpired that Anderson had absconded and could not pay and there was no witness to testify to the contrary, plaintiff, pretending ignorance, had contrived to fake this suit against the bank as for a deposit. On cross-examination of plaintiff, the record shows:

Q. "Truth of the matter is you never thought of anything about it until Oscar Anderson hit the hike and then you commenced figuring you could claim this note is a C. D.? A. What is a C. D.? Q. I don't know; you claim you have got one? A. You say a C. D.? Q. Certificate of deposit? A. Well, if that one would be just as good as the one at the First National Bank if Mr. Anderson had made it out right. Q. If Mr. Anderson had stayed here and paid it, it would have been all right? A. No, sir; if he had made it out right; he just didn't make it right."

On the objections of defendant that such testimony was hearsay and self-serving, and therefore incompetent, the court held:

"Overruled, but the jury is instructed, however, that this cannot be considered for the purpose of showing a time deposit was made; it would be hearsay as to that and self-serving; it is a statement made by the plaintiff himself and could not be used in his favor. The only purpose for which this can be used would be as bearing upon whether or not this claim of the plaintiff was an afterthought of his as was suggested by Mr. Porter, and you can give it such credence as you think it is entitled to, bearing on that question and that only".

Thus, it is seen that the court limited the purpose for which such testimony might be considered by the jury, and the question now recurs, was such testimony competent? This court in Driggers v. United States, 21 Okla. 60, 95 Pac. 612, although a criminal case, speaking through Mr. Justice Dunn, held:

"It is a general rule that where evidence of contradictory statements is offered to impeach the credit of a witness, evidence of statements made by him on former occasions, consistent with his evidence, are inadmissible. But, where it is charged that the evidence of the witness is a recent fabrication, and is the result of some relation to the party or cause, or of some motive or personal interest, his evidence may be supported by showing that he had made a similar statement before that relation or motive existed."

In Walsh v. Wyman Lunch Co. (Mass.) 138 N. E. 389, it is said:

"But there is an exception where it is claimed that the testimony is a recent invention or fabrication. * * * In the case at bar, we are of the opinion that the evidence offered comes within the exception

to the rule. It could be inferred from the cross-examination that the defendant endeavored to impeach the plaintiff by showing that his testimony was inconsistent with answers previously made to the interrogatories, and that his testimony respecting the injury to his back, the number of the times he had been attended by his physician, and the period during which he had been unable to work, was false and was invented since he made the answers to the interrogatories."

In 40 Cyc. 2787, this exception to the hearsay rule is thus stated:

"As a general rule, a witness cannot be corroborated by proof that on previous occasions he has made the same statements as those made in his testimony; and the rule is the same whether the previous statements were made verbally or in writing, and applies equally to statements under oath and unsworn statements. Where, however, a witness has been assailed on the ground that his story is a recent fabrication or that he has some motive for testifying falsely, proof that he gave a similar account of the transaction when the motive did not exist, before the effect of such account could be foreseen, or when motives of interest would have induced a different statement, is admissible; but in order to bring a case within this rule, it must appear that the conversation occurred soon after the transaction, is consistent with the statements made on oath, and contains such fact or facts pertinent to the issues involved as reasonably furnish to the jury some test of the witness' integrity and accuracy of recollection."

See, also, Graybill v. Brown (Iowa) 189 N. W. 726; Hotaling v. Hotaling (Cal.) 203 Pac. 744; People v. Purman (Mich.) 185 N. W. 725; Commonwealth v. Retkovitz (Mass.) 110 N. E. 293; Ferris v. Sterling (N. Y.) 108 N. E. 406; Electric Co. v. Trust Co. (Cal.) 78 Pac. 372; Leger v. State (Tenn.) 102 A. S. R. 781; Railroad Co. v. Lawson (Tenn.) 58 S. W 480. People v. Purman, supra, was a case in which such testimony was held to be competent on re-examination, after a searching cross-examination assailing the testimony of a witness on that subject. We conclude that there was no error in admitting such testimony under the limitations specifically made by the court. Defendant contends that such Tippitt testimony was incompetent because it referred to plaintiff's transactions with Anderson in 1915—not to the note sued upon dated in 1922. This contention is untenable because, under plaintiff's testimony, his transactions with Anderson constituted a series of deposits with the bank culminating in and evidenced by the instrument sued upon. When we consider the reason for the rule followed herein, the fact that plaintiff declared, as remotely as

1915, that he had made a deposit and not a loan to Anderson, would tend to strengthen the credibility of such declaration.

2, 3. Before bringing the instant suit, plaintiff sent his wife to defendant bank "with this note to get the money." He told her to take it to Mr. Bond, the new cashier, and present it for payment. Defendant complains of refusal of the trial court to permit Mr. Bond to testify, in substance, that the wife of plaintiff, when she presented the note, at first contended the instrument was a certificate of deposit of said bank, but later stated that same was the personal note of Anderson and that plaintiff knew that fact all the time.

The agency of the wife of plaintiff, though actual, was special, and defendant did not attempt to show its scope to be greater than indicated aforesaid. In Goodrich v. Tracy, 43 Vt. 314, 5, Am. Rep. 281, the wife was made the agent of the husband with authority to collect a note. The court held that her husband could not be bound by her declaration that the note had been paid; that her agency only extended to the performance of certain acts, and the admission sought to be proved was not so connected with the performance of those acts as to be binding upon the principal; that her authority was special and limited, and when she exceeded that authority, her principal was not bound. In Conner v. Martin (Ind.) 92 N. E. 3, the material question was whether the testator had destroyed the note with the intention of relieving the maker of liability. It was sought to introduce admissions of the wife, the nature of which are not disclosed in the opinion. However, it was claimed that the admissions were competent because the wife, at the time she made the declarations, was shown to be the agent of her husband. The court held that she was such agent by force of circumstances and not by appointment; that she was only authorized to transact such business as the circumstances required that she should transact: that the admissions sought to be shown were outside of the authority conferred by the forced agency. Martin et ux. v. Banks (Ark.) 115 S. W. 928, was in the nature of a creditor's bill against the husband and wife to vacate a conveyance of real estate in the name of the wife and subject it to the payment of a judgment. It appeared that the property was purchased by the husband with money furnished by the wife. The court held that the declarations by the husband at the time of the purchase and other times that the property belonged to him

were not binding upon the wife; that same were not made in line of his agency. In Pearce v. Smith (Ala.) 28 South. 37, the husband was the agent of the wife to purchase certain property for her. The question was whether the wife knew the property purchased by her husband was incumbered by a mortgage when purchased. The court held that the husband, under such authority, could not bind his wife with the declaration that the wife knew of the mortgage; that such admission or declaration by the husband was not shown to have been made within the scope of his authority as her agent. The general rule applicable is stated in 22 C. J. 385, paragraph 455:

"Receiving a claim for collection implies, as a rule, authority to make declarations concerning its payment, but mere authority to receive money confers no right to make statements about it."

In the instant case, the record shows that plaintiff, being busy, by arrangement with the cashier of the bank by 'phone, simply sent the instrument in controversy to the bank by his wife, with authority to collect or receive payment thereon. Such authority is not broad enough in its scope to authorize such wife to bind plaintiff by the admission as aforesaid.

There are no other errors presented or argued. No prejudicial errors appearing, and the judgment being amply supported by the evidence, let same be affirmed.

Proper application and showing being made, it is considered that the defendant in error is entitled to judgment against the sureties on the supersedeas bond herein. It is therefore ordered and adjudged that John Middlebrooks do have and recover of and from W. B. McAlester and Wallace Bond sureties on the supersedeas bond herein, the sum of $407.16, together with interest thereon at four per cent. per annum from 19th day of August, 1922, and for all costs, for all of which let execution issue.

By the Court: It is so ordered.

Note.—See under (1) 40 Cyc. p. 2789; anno. 41 L. R. A. (N. S.) p. 857 et seq.: 28 R. C. L. pp. 655, 656; 5 R. C. L. Supp. p. 1551. (2) 2 C. J. p. 585, § 223; 21 R. C. L. pp. 998, 909; 3 R. C. L. Supp. p. 1202; 5 R. C. L. Supp. p. 1438. (3) 22 C. J. p. 401, § 476: 30 C. J. p. 616, § 166.