## REMUND v. LIBERTY NAT. BANK of WEATHERFORD.

No. 22312.     May 29, 1934.

Rehearing Denied Sept. 11, 1934.

Thomas Hudgens and Walter S. Mills, for plaintiff in error.

Meacham, Meacham & Meacham and A. J. Welch, for defendant in error.

CULLISON, V. C. J. The Liberty National Bank, as plaintiff, instituted suit against George H. Remund, defendant, seeking to recover on a note in the amount of $3,348.60, made by defendant in favor of plaintiff.

Defendant answered by denial, and further answer that the indebtedness had been paid; that the original amount of indebtedness to plaintiff was $2,500, in the form of a note due December 15, 1922; that Jack Shroaf was indebted to defendant and Shroaf assumed said debt and orally promised to pay plaintiff and did pay said debt to plaintiff, but plaintiff withheld said information from defendant and represented to defendant that said Shroaf had not paid said note, and by said representations caused defendant to continue to renew said note from time to time.

Defendant further pleaded in his answer that plaintiff was indebted to him on a certain transaction wherein plaintiff collected the proceeds of a note due defendant and left in plaintiff bank; that said note was in the amount of $1,500, signed by Jack Shroaf in favor of defendant; that Shroaf had paid and was entitled to a credit of $300 upon said note; and that Shroaf paid the balance remaining due on said note in the amount of $1,290.40 to plaintiff bank on August 30, 1923, and that plaintiff had withheld said funds from defendant since said payment.

Plaintiff made proper reply, and the case was tried to a jury. The jury found for plaintiff on the note sued upon, found for defendant wherein he sought affirmative relief, and after proper deduction, found that defendant owed plaintiff $2,183.77, with interest. Judgment was rendered by the court thereon, and from said judgment defendant appealed to this court.

Defendant contends that the trial court erred in refusing to give instruction No. 14, offered by defendant and rejected by the court. In said requested instruction defendant contended that the relation of banker and customer existed between plaintiff and defendant at the time said business transactions began and had continued over the time of said entire transaction, and, under such circumstances, defendant could rely upon the representations as made by the president of plaintiff bank, and did not have to make any investigation for himself as to whether the note had been paid.

This necessitates a consideration of the facts as developed by the evidence. Defendant had been a customer of plaintiff for considerable time before 1922. Defendant owned a farm, which he sold in 1922 to Shroaf. In payment for said farm, Shroaf assumed the mortgage thereon, executed his note to defendant for $1,500, and assumed the payments of defendant's $2,500 note to plaintiff. Shroaf made a payment of $300 on the $1,500 note, and was credited therefor. The balance of said note for $1,500, with interest, was paid by Shroaf to President Galloway of plaintiff bank, and said money was never paid to defendant, but was kept by plaintiff or its president. The $2,500 note was renewed

numerous times, the last renewal being on August 21, 1928. The plaintiff bank changed management about this time, and when said note became due, plaintiff requested payment. Defendant refused, stating that Galloway, as president of the bank, had received payment of said note by Shroaf; that plaintiff's president had withheld said information from defendant, and had falsely represented that said note had not been paid, and that defendant, through the false representations of plaintiff's agent, was induced to execute said note sued upon. Defendant and Shroaf lived in Weatherford, Okla., during the period of time in question, and met frequently. Under such state of the record, we consider that the court properly instructed the jury, under the rule as announced by this court in the case of Tudor v. American Investment Co. of Enid, 163 Okla. 274 (2d Case), 21 P. (2d) 1056 (2d Case), wherein this court said:

"Where one gives a note in renewal of another note, with knowledge at the time of partial consideration for the original note, or false representations by the payee, he waives such defense, and cannot set it up to defeat a recovery on the renewal note. And where one giving such renewal note either had knowledge of such facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights, it becomes his duty to make such inquiry and investigation before executing the renewal note, and if he fails to do so, he is as much bound as if he had actual knowledge."

Said rule has been approved many times by this court. Under the facts and circumstances of the case at bar, we consider it the proper rule to be followed in the case at bar. The contention made by defendant and the authorities cited by him do not substantiate his contention, when considered in connection with other decisions of this court passing on the question presented herein. The court did not err in refusing the requested instruction.

Defendant's second contention is that the court erred in giving instruction No. 7, and more particularly the latter part of said instruction. Said instruction deals with the two-year statute of limitations, and that portion of which defendant complains is, in substance, as follows: That the bank concealed from defendant the fact of collection and falsely represented that Shroaf had not paid said notes, and defendant believed and relied thereon and that he could not ascertain the fact of payment by Shroaf if such payment you find, by the exercise of ordinary diligence.

In connection with defendant's contention, we must bear in mind that these transactions covered several years, and that both the defendant and Shroaf resided in the same town during all of said time and saw each other frequently. Under the facts and circumstances in the case at bar, we consider the instruction properly announced the law applicable thereto.

Defendant's final contention is that the judgment is not supported by sufficient evidence and is contrary to the evidence. This contention cannot be sustained because defendant did not preserve his rights properly in the trial of said cause so as to raise said matter on appeal. In the case of Watson v. Doss, 151 Okla. 132, 3 P. (2d) 159, this court announced the rule:

"Where the defendant demurs to the evidence in chief of the plaintiff, and defendant afterwards introduces evidence, and thereafter plaintiff introduces further evidence, and in rebuttal, and the defendant fails to renew his demurrer to all the evidence, or request an instructed verdict, and permits the issues joined to be submitted to the jury upon all the evidence without objection and exception, the verdict on review in this court is conclusive so far as such evidence is concerned, except as to excessive damages, appearing to have been given under the influence of passion or prejudice."

The record is not such as to come within the above rule, and defendant cannot raise said matter here without taking the proper steps in the trial court. Said contention is not well founded. However, the evidence amply supports the judgment.

We have carefully considered said cause, and find that defendant's contentions are not well founded and that no substantial error exists in said record.

The judgment of the court is affirmed.

RILEY, C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.