## OKLAHOMA CITY v. JONES.

### No. 25803. May 26, 1936.

### Rehearing Denied Sept. 15, 1936.

Harlan Deupree, Municipal Counselor, and P. E. Gumm, assistant, for plaintiff in error.

Lillard & Gibbons, for defendant in error.

WELCH, J. This appeal is from a judgment for damages alleged to have been sustained by a fall into an improperly covered storm sewer manhole maintained by the city in an alleged unsafe condition over a long period of time, of which the city had actual or constructive knowledge.

The city here complains that the trial court committed error in admitting incompetent evidence and in giving certain instructions to the jury.

The questioned evidence tended to show that high grass had grown over and around and for some inches down into the manhole so as to prevent its cover fitting and closing properly.

It is true, as contended by defendant, that the petition did not in express detail allege the full condition of the grass and the growth thereof, but the petition did expressly allege the manhole was improperly covered, that the cover was displaced and overgrown with grass, and in defective and dangerous condition which defendant permitted to exist for a considerable period of time.

It is also alleged in the petition, "and that same is under ordinary conditions covered or closed with a heavy circular iron covering commonly designed or called a manhole cover which fits over the top of said opening and which is designed to completely close or seal same." We think the evidence of which complaint is made is competent upon the issue of constructive knowledge to establish the fact that the manhole cover had remained disarranged for a long period of time, as it is a matter of common knowledge that grass or grass roots do not usually grow to such an extent in a short time, and that such growth does not penetrate beyond a point completely sealed by heavy iron barriers.

We quote instruction 15, of which complaint is made:

"You are instructed that it is not necessary that the city have actual notice of the condition of its streets or parkings, but it is sufficient that the defective condition of the street had existed for such a period of time that the city by the use of ordinary care would have discovered the defects therein. In this case there is evidence tending to show that the accumulation and growth of grass around about the manhole in question had caused the lid thereon to become loose or

lifted from its proper position, and if you find by a preponderance of the evidence that this condition existed at the time of the injury at the manhole in question and that the same had been left in such unsafe condition for a long period of time and on account thereof the plaintiff was injured, as alleged in her petition, and that said condition of the manhole and the lid thereon was the proximate cause of said injury to plaintiff, then in that event your verdict should be for the plaintiff in such amount as you may find she is entitled to recover, as set out in other instructions herein."

The city asserts that such instruction is erroneous in that it is a comment on the credibility of the witnesses and the weight of the evidence. The use of the words, "the defective," "the defects," and "such unsafe" forms the basis of the city's complaint in this regard.

The instruction relates primarily to the length of time the manhole cover may have been disarranged, as concerned the question of constructive notice, and we are unable to see that the use of the terms in the manner shown could reasonably be thought to have conveyed to the jury the idea that the trial judge believed that the evidence had established a defective or unsafe condition. The jury was carefully instructed that it was the exclusive judge of the weight of the evidence and the credibility of the witnesses. Rafferty et al. v. Collins et al., 160 Okla. 63, 15 P. (2d) 600.

The court further instructed the jury to the following effect:

"You are instructed that it was the duty of the city of Ok'ahoma City to use ordinary care and diligence to keep the manhole and cover thereto in which plaintiff fell, if you find that the plaintiff did fall, in a reasonably safe condition, in order that the manhole cover or lid will remain thereon."

And no assignment of error is presented with reference thereto, and, therefore, the city has acquiesced therein. It would seem to follow that the city is not injured and cannot be heard to complain of an instruction to the effect that if the cover is suffered to be and remain removed, there is then an unsafe condition.

It is further asserted that the instruction presented issues not raised by the pleadings. An examination of the petition discloses that the gist of the cause of action is the condition in which the manhole was maintained by the city, and a resulting injury. It is evident that the cause of the condition of the manhole is only incidental and that plaintiff did not rely solely upon the declaration that

the cover of the manhole was removed by an agent or employee of the city, as is evidenced by the plea of constructive knowledge included in the same paragraph with the declaration concerning the removal of the cover by the city's agent or employee.

We think the instruction to the effect that "there is evidence tending to show that the accumulation and growth of grass around the manhole in question had caused the lid thereon to become loose or lifted from its proper position" is questionable as possibly not justified in that exact language by the evidence, but we fail to see how the city could have been prejudiced thereby. The material issues, as made by the pleadings, related to the condition of the manhole, actual or constructive knowledge thereof by the city, and injury as a result thereof; and the cause of the removal of the cover was clearly problematical with p'aintiff, and not a vital factor in her cause of action.

We therefore conclude that the instruction as to the cause of the removal was not a departure from the material issues as made by the pleadings. Finding no error, the cause is affirmed.

RILEY, Acting C. J., and PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and BUSBY, JJ., absent.