## ADAIR v. MOORE.

No. 28290.   Oct. 25, 1938.

Wimbish & Wimbish, for plaintiff in error.

Hatcher & Hatcher and McCoy, Craig & Pearson, for defendant in error.

GIBSON, J.   Leo Moore, a minor, by his father as next friend, instituted this action in the district court of Pontotoc county, seeking recovery for personal injury and property damage resulting from an automobile and truck collision in that county. Verdict and judgment were for plaintiff, and defendant appeals. The parties are designated here as they appeared in the trial court.

Plaintiff's petition alleges in substance that he was a minor and that defendant was operating a freight common carrier motor service from the city of Ada, Okla., upon the public highway. That he was driving an automobile, the property of his brother, south along No. 48 highway extending through Ada. That as plaintiff was approaching a point about a half mile north of said city limits, where defendant's truck yard was located on the west side of said highway, defendant's employees carelessly and negligently, and without warning to plaintiff, backed one of defendant's large trucks with dual wheel trailer, loaded with oil field pipe, out upon and over the side of the highway upon which plaintiff was driving, so that the trailer and load extended to the center of said highway, and that the automobile driven by plaintiff collided with the trailer and its load, causing injury to plaintiff, and demolishing the automobile. Plaintiff further charged that the truck, trailer, and load were without sufficient lights or other devises to warn plaintiff. That the negligence of defendant's employees in so operating said truck and trailer was the proximate cause of the collision and of plaintiff's injury and damage. Punitive damages were prayed for in addition to plaintiff's actual damages.

Defendant generally denied plaintiff's allegations; charged operation of his truck and trailer in a careful manner and in accordance with the law, and that plaintiff was guilty of contributory negligence.

Defendant presents his appeal on two propositions, namely: (1) That the court instructed the jury upon an issue in the case that was not raised either in the pleading or the proof. (2) The judgment

of the court based upon the verdict of the jury is not sustained by sufficient credible evidence and is contrary to law.

The gist of defendant's complaint under his first proposition is that the giving of instruction No. 9 was not warranted by plaintiff's petition.

Examination of defendant's petition in error discloses that, while the giving of certain instructions is assigned as error, instruction No. 9 is not included in those instructions therein charged as erroneous.

Under the record here, error in the giving of this instruction is not reviewable. Hapgood v. Vickery, 95 Okla. 181, 217 P. 356; Great American Life Ins. Co. v. Love, 169 Okla. 35, 35 P.2d 948; Ramsey Oil Co. v. Burbage, 172 Okla. 573, 46 P.2d 538 (syl. 3).

In view of the insistence of defendant in his brief, however, we have examined said instruction No. 9, as well as No. 10, also referred to in defendant's brief, of which latter instruction no complaint is made. We have also examined plaintiff's petition with particular reference to instruction No. 9. We deem it unnecessary to set forth herein the language of said instruction. The petition charges in subs'ance that defendant's truck was negligently backed out onto the highway, and also charges the violation of rule 10 of section 10327, O. S. 1931, 69 Okla. 'St. Ann. sec. 583, which rule has to do with the stopping of motor vehicles on hard-surfac~d highways. These two instructions taken together merely presented to the consideration of the jury the two different situations which the petition, reasonably construed, presented, and the law applicable, in event the jury found from the evidence that when the collision occurred the truck was either in motion or standing still. We are of the opinion that plaintiff's petition warranted the trial court in giving instruction No. 9. Defendant does not contend that the instruction complained of does not state a correct proposition of law. That being true, even if it had no application to the issues involved or the proof, the giving of the instruction would not warrant a reversal of the cause, unless the jury was misled by the giving of such instruction. Chicago, R. I. & P. Ry. Co. v. Pruitt, 67 Okla. 219, 170 P. 1143. We cannot say the jury was so misled.

As a part of his first proposition, defendant refers to instructions 7, 8, and 13. Each of these relate to punitive damages. The jury returned a separate verdict finding no punitive damages. We cannot say that the giving of these three instructions was prejudicial to the defendant. Clanton v. Chrisman, 174 Okla. 425, 51 P.2d 748; Pine v. Duncan, 179 Okla. 336, 65 P.2d 492.

Defendant asserts that his second proposition, that the judgment of the court based upon the verdict of the jury is not sustained by sufficient credible evidence and is contrary to law, is raised in his motion for new trial by paragraphs 3 and 4 thereof, to the effect that the verdict was given under influence of passion and prejudice and was against the weight of the evidence; and that the verdict is not sustained by sufficient evidence and is against the clear weight of the evidence and is contrary to law.

Treating this proposition as one complaining of the insufficiency of the evidence, we find upon examination of the record that defendant at no time demurred to the evidence, nor was an instructed verdict requested, except specifically "on count No. 3, being the one wherein the plaintiff asks for punitive or exemplary damages." No punitive damages were awarded. In such situation the sufficiency of th~ evidence to support the verdict will not be considered on appeal. Wayne Tank & Pump Co v. Harper, 118 Okla. 274, 247 P. 985; Milburn v. Miners' & Citizens' Bank, 101 Okla. 281, 226 P. 44; Remund v. Liberty Nat. Bank, 168 Okla. 580, 35 P.2d 457.

Defendant does not charge that the amount of the verdict is excessive, but does charge as a part of his second proposition that the verdict was given under the influence of passion and prejudice. Examination of the record for the purpose of so determining fails to disclose anything indicating such attitude of the jury toward the defendant. The defendant points to no part or parts of the record aside from the verdict which might so indicate.

The jury is the trier of the facts, and the question of the weight of the evidence must be determined by the jury. Missouri Pac. R. Co. v. Booker, 111 Okla. 230, 239 P. 222; Johnson Oil Refining Co. v. Wilcoxson, 173 Okla 514, 49 P.2d 108.

The evidence on the essential features of the case, including the presence or absence of adequate warning by lights, or otherwise, on or about defendant's truck and trailer when the same was backed onto the highway, and the position of his trailer and its load on the highway at and just

prior to the instant of the collision, was conflicting. The question of the contributory negligence of the plaintiff was properly presented to the jury. There was ample competent evidence to warrant the verdict returned. In such situations, under the oft-repeated rule, this court will not disturb the verdict. Black v. Warren, 178 Okla. 216, 62 P.2d 88; Town of Sentinel v. Boggs, 177 Okla. 623, 61 P.2d 654.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.