KURN et al. v. THOMPSON, Adm'r.

No. 29416.   Sept. 17, 1940.

*105 P. 2d 422.*

Cruce, Satterfield & Grigsby, of Oklahoma City, J. W. Jamison, of St. Louis, Mo., W. T. Rye, of Vinita, and Ben Franklin, of Oklahoma City, for plaintiffs in error.

Richard L. Wheatley and Carey Caldwell, both of Vinita, for defendant in error.

HURST, J. Plaintiff, Thompson, as administrator of the estate of George Merton Raines, deceased, brought this action against defendants, Kurn and Lonsdale, trustees in bankruptcy of the St. Louis-San Francisco Railway Company, for damages for the wrongful death, and pain and suffering incident thereto, of the deceased. From a judgment for plaintiff upon a verdict in his favor, defendants appeal.

The facts material to the questions involved are that deceased was fatally injured when an automobile in which he was a passenger was struck by a freight train of defendants in Vinita. The automobile in which deceased was riding was driven by his daughter, the owner of the car, and was proceeding north on Wilson street in that city. That street is crossed by three railway tracks, and the collision occurred on the most northerly of the three. The railway station and other buildings in the vicinity partially obstructed the view to

the east of the crossing, and the negligence charged was that the train entered the crossing at a high rate of speed, without sounding the whistle or ringing the bell, and that no watchman or signal was placed at the intersection to warn travelers of the approach of trains. The defendants alleged contributory negligence by deceased, and negligence on the part of the driver of the automobile. The evidence was in conflict as to the distance from the tracks at which a traveler approaching the crossing from the south could first get a clear view of trains coming from the east, and also as to the speed of this particular train, and whether the bell was ringing and the whistle was blown at or just prior to the time the train entered the intersection.

It is not contended that the trial court erred in submitting the case to the jury. The alleged errors upon which defendants depend for reversal are: (1) The admission in evidence of plaintiff's exhibit 5; (2) refusal to give instruction No. 8 requested by defendants; and (3) the giving of instruction No. 14. These contentions will be disposed of in order.

1. Plaintiff's exhibit 5, which defendants contend was improperly admitted in evidence, was a written statement made by the witness Hunt to plaintiff's attorney shortly after the collision occurred. At the trial Hunt testified for the plaintiff, and defendants sought to impeach his testimony and attack his credibility by showing that prior to the trial, and the next day after signing plaintiff's exhibit 5, the witness had made a written statement to an agent of defendants materially differing from his testimony at the trial. Hunt admitted signing this statement, but testified that he did not read it before signing it, and that several statements therein made were incorrect, and were not made by him to defendants' agent. After a rather extended cross-examination, defendants put in evidence the statement taken by their agent, and plaintiff was then permitted to introduce his exhibit 5.

Defendants contend that exhibit 5 was a self-serving declaration, and therefore inadmissible, and cite various authorities holding that a self-serving statement or declaration made by a party to an action prior to the trial thereof is not admissible. Unquestionably this is the general rule. But plaintiff contends that in the cross-examination of this witness with reference to the discrepancy between his testimony and the statement made to defendants' agent, defendants attempted to show that the witness was departing from such statement in an attempt to favor plaintiff, and that therefore exhibit 5 was admissible. This exception to the general rule is discussed at length in 70 C. J. 1148, and permits the introduction in evidence of prior statements of a witness, consistent with his testimony, after the defendants have attempted to impeach him, in order to rebut an inference that his testimony is a recent fabrication or invention, due to an improper motive. See, also, 22 C. J. 230. This exception to the general rule was approved in Atwood v. Hayes, 139 Okla. 95, 281 P. 259, and in Bank of McAlester v. Middlebrooks, 115 Okla. 92, 241 P. 765. See, also, National Cereal Co. v. Alexander, 75 Kan. 537, 89 P. 923, and authorities cited.

We think that from the questions propounded to this witness with reference to the discrepancies between his testimony and the statement made to defendants' agent, it might fairly be inferred that defendants' counsel attempted to show that the witness had departed from the truth in order to assist the plaintiff, and that the introduction of exhibit 5 by plaintiff was for the purpose of rebutting such inference, and was not an effort to bolster the testimony of the witness. Under the circumstances, therefore, the admission in evidence of the exhibit was not error.

2. Defendants' second contention is that the trial court erred in refusing to give their requested instruction No. 8. This instruction was to the effect that if decedent, with the exercise of ordinary care, could have seen or heard the

approaching train, and failed to look or listen, or to use the care which an ordinarily prudent person would have exercised under the same circumstances, and such failure proximately contributed to his death, he could not recover. The trial court refused to give the requested instruction, but instructed the jury that the burden of proving contributory negligence was upon defendants, unless it was shown by plaintiff's evidence, and in another instruction defined contributory negligence.

Defendants argue that the given instructions required the jury to find that the contributory negligence of deceased was the proximate cause of the injury in order to return a verdict for defendants on that ground. The instruction defining contributory negligence was identical with the definition contained in the second syllabus of Sloan v. Anderson, 160 Okla. 180, 18 P. 2d 274. But it is unnecessary to determine whether the refusal to give the requested instruction was error for the reason that the record is barren of evidence of any contributory negligence on the part of deceased. The fact that the accident occurred raised no presumption of negligence on the part of the decedent. Chicago, R. I. & P. Ry. Co. v. Smith, 160 Okla. 287, 16 P. 2d 226. There was no evidence that deceased failed in any respect to exercise reasonable care and caution. The daughter of deceased who was driving the automobile when the collision occurred testified that she did not see or hear the approaching train; that her father shouted to her that a train was coming, and she then observed it for the first time. She testified that when this occurred she was driving slowly, and had almost reached the middle track of the three which crossed the street; that she thought the train was on the middle track, and that she could get across it safely; and that when it was too late to stop the car she discovered that the train was on the north track, which the evidence showed was some ten or eleven feet north of the middle track.

There being no evidence of contributory negligence by deceased, the refusal of the requested instruction was not error.

3. Defendants' third contention is that the trial court erred in instructing the jury that, in the absence of any testimony to the contrary, it is presumed that deceased looked and listened as he approached the crossing, which presumption could be rebutted by either direct or circumstantial evidence. In view of the fact that there is no evidence of contributory negligence on the part of deceased, as above stated, we think this instruction was not prejudicial to defendants. Contributory negligence is an affirmative defense, and in the absence of evidence tending to establish it, there is no presumption that deceased was negligent. While the instruction was unnecessary, we do not consider that defendants were prejudiced thereby.

Affirmed.

BAYLESS, C. J., and RILEY, CORN, and DANNER, JJ., concur.