BURTON v. HARN.

No. 31439.   Jan. 30, 1945.

Rehearing Denied March 13, 1945.

*156 P. 2d 618.*

Looper & Sturdevant, of Oklahoma City, for plaintiff in error.

Keaton, Wells & Johnston, of Oklahoma City, for defendant in error.

PER CURIAM. Daisy E. Burton, hereinafter called plaintiff, filed her action against the defendant, George Upton Harn, to recover damages for personal injuries due to a collision of two automobiles. A judgment was entered for the defendant on verdict of the jury, and plaintiff appeals.

In 18 allegations of error plaintiff presents six general propositions. The record substantially discloses that at approximately noon, on May 10, 1940, the plaintiff, together with a woman companion, was riding in an automobile, and that plaintiff was driving. She approached the intersection at 19th street and Culbertson drive in Oklahoma City from the west going east. At approximately the same time defendant was approaching the intersection on Culbertson drive traveling in a generally southerly direction as the street meanders in a northeast and southwest direction. Plaintiff stated that she first saw the defendant's car when she entered the intersection and that defendant's car was probably a few feet north of the intersection of Culbertson drive and 19th street. She then proceeded across the intersection. As she was proceeding across her car was struck by the defendant's car. The defendant stated that at the time of the accident he was looking at the second intersection, or the intersection at 18th street, to determine whether it was clear. A portion of the approach to Culbertson drive from 19th street is obscured by shrubbery.

It is first argued that the court committed error in giving instruction No. 12 on the issue of contributory negligence. The defendant, in his answer, alleged:

"7. That he alleges that said accident was caused by the negligence of the plaintiff in that she was driving her car without due regard to other cars that might be approaching; that she was looking at and talking with the person riding beside her and did not have her car under control.

"8. That if any act or failure to act on the part of the defendant should be judicially established as being negligence, then and in that event the defendant alleges that the plaintiff was guilty of contributory negligence in the respects referred to above."

By instruction No. 12, the court properly defined contributory negligence in general terms and told the jury that if plaintiff was guilty of contributory negligence, she could not recover. The court did not therein confine the issue to the two acts of contributory negligence stated in the quoted portion of the answer, and plaintiff argues that it was error not to do so. The plaintiff cites no authority that is helpful. The case of Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 P. 747, which she relies upon, simply holds that an allegation that the accident was caused by plaintiff's negligence is not a plea of contributory negligence. Here, the defendant pleaded contributory negligence, and there was evidence reasonably tending to support the plea, and the court properly submitted the issue to the jury. We cannot say that the plaintiff was prejudiced by the fact that the instruction was general and did not confine the issue to the acts alleged in the answer.

It is next argued that the trial court erred in giving instruction No. 13, which sets out various city ordinances defining careful driving, creating the boulevard, and providing for slow signs and the statutes of Oklahoma relating to approaching intersections, all of which had been pleaded by the parties. It is the contention that this instruction tells the jury plaintiff was guilty of negligence per se and must necessarily have confused the jury, since, if plaintiff was chargeable with negligence, it was contributory negligence. But, the court did not tell the jury that a violation of these ordinances and statutes would constitute contributory negligence, which would have invaded the province of the jury. Section 6, art.

23, Oklahoma Constitution. It was proper for the court to tell the jury that a violation of the same constituted negligence per se, and to leave to the jury the question as to whether the ordinances and statutes were violated and whether such violation, if any, was the proximate cause of the accident or whether it constituted contributory negligence. C. L. McMahon, Inc., v. Smith, 189 Okla. 579, 118 P. 2d 1022. This the court did. We find no reason to assume that the jury would be confused by the instruction which it otherwise conceded to be proper.

The plaintiff next argues that it was error for the court to give an instruction on unavoidable accident. Since, in effect, both plaintiff and defendant claimed that they were without fault, and there was evidence reasonably tending to support a finding that neither party was at fault as they approached and entered the intersection, the definition of unavoidable accident was proper. Like instructions have been approved in Rowton v. Kemp, 190 Okla. 558, 125 P. 2d 1003; and Wilson v. Roach, 101 Okla. 30, 222 P. 1000. There was no error in giving the instruction on unavoidable accident.

It is next argued that the trial court erred in admitting evidence of the ordinance creating a slow zone at the intersection of 19th street and Culbertson drive against the driving on 19th street. This is, in a sense, a reiteration of the plaintiff's second proposition above referred to and what has been said regarding the propriety of instruction No. 13 disposes of any alleged error in giving this instruction. The whole theory of plaintiff's case was that there was a slow sign which she observed. This evidence was not only competent but necessary to determine the due care of the parties as they approached the intersection.

There is also urged error in permitting a trial amendment to cover this amendment. It therefore follows that there was no error in allowing the trial amendment to meet the issue raised by the evidence in support thereof. 12 O.S. 1941 § 317.

In the final proposition plaintiff alleges that the court erred in refusing to give her requested instructions 1, 2, and 3. These instructions were substantially covered by the instructions given. It is not error to refuse a requested instruction, even though it be in correct language, where the substance of the instruction has been properly covered by the other instructions of the court. Standard Theaters Corporation v. Hughes, 185 Okla. 377, 91 P. 2d 1058.

The sixth proposition has been noticed. It is based upon the foregoing five. We have held that the giving of instructions inapplicable to the issues on the proof will not warrant a reversal unless the jury was misled by such instructions. Cushing Refining Co. v. Deshan, 149 Okla. 225, 300 P. 312; Oklahoma City v. Jones, 177 Okla. 432, 60 P. 2d 617; Kurn v. Thompson, 187 Okla. 664, 105 P. 2d 422; Adair v. Moore, 183 Okla. 563, 83 P. 2d 813.

We are convinced that the jury was not misled by the instructions given and that in all respects the plaintiff has had a fair trial.

The judgment of the trial court is affirmed.